HOMER L. BROWN, Appellant, v. CITY OF CRESTON et al.,
Appellees.

**MUNICIPAL CORPORATIONS:** Applicability of 300-Foot Paving .
Limitation. The statutory provision, Sec. 792-g, Code Supp.,
1915, limiting paving assessment to property situated a maxi-
mum of 300 feet from the street improved, has no application
to paving constructed under Secs. 840-h to 840-r, inclusive,
Suppl. Supp., 1915, which provide for paving outlying high-
ways in cities—highways which "constitute main-traveled ways
into and out of such cities."

*Appeal from Union District Court.*—H. K. EVANS, Judge.

OCTOBER 14, 1919.

OPINION ON REHEARING OCTOBER 26, 1920.

ACTION in equity, to enjoin the collection of certain
taxes levied upon the property of plaintiff to defray the
cost of highway paving on North Cherry Street, in the city
of Creston, Iowa. Plaintiff appeals from the judgment of
the court, dismissing his petition.—*Affirmed.*

*James G. Bull,* for appellant.

*L. J. Camp,* for appellee.

PER CURIAM.—I. This case is before us on rehearing.
Upon the original submission, there was no appearance for
appellees, and appellant's abstract and brief and argument
practically ignored the rules of practice in this court. The
former decision disposed of the case under the general
paving statutes, in harmony with our prior decisions. It
now appears clearly from the record before us that the

proceedings of the city council to which appellant objects were under Chapter 48, Acts of the Thirty-sixth General Assembly, now Sections 840-h to 840-r, inclusive, Supplemental Supplement to the Code, 1915.

But two questions are argued: It is claimed by appellant that the city clerk fraudulently altered the record of the council, and that the contractor perpetrated fraud in constructing the pavement, and that appellant's property is situated more than 300 feet from the improvement, and is, therefore, under the restrictions of Section 792-g of the Supplemental Supplement, 1915, not subject to taxation for any part of the cost of the improvement.

It is argued on behalf of appellees that appellant had full knowledge of all the facts constituting the fraud charged, and filed objections based thereon, to the resolution of necessity or to the levying of the assessment complained of, and that his only remedy was by appeal to the district court (citing *Clifton Land Co. v. City of Des Moines*, 144 Iowa 625, *Ellyson v. City of Des Moines*, 179 Iowa 882, and other cases, to support this contention). We have read the record; and, while there was some evidence that the paving was somewhat defective, it wholly fails to sustain the charge of fraud. The alterations of the record by the clerk were not made after the proceedings of the council were had, but prior thereto, and were for the purpose of making prepared forms conform to the proposed resolution of the council. We have not, therefore, considered the question whether, under the facts disclosed by the record, plaintiff's only remedy was by appeal, as claimed by appellee.

II. The proceedings complained of, as stated, were under Chapter 48, Acts of the Thirty-sixth General Assembly. This is admitted by appellant. It is also admitted by appellees that the property of plaintiff lies more than 300 feet from the improvement. Section 792-g was enacted as a part of Chapter 76 by the thirty-fifth general assembly, and amended by Chapter 192, Acts of the Thirty-sixth General Assembly, and is as follows:

"Whenever, after January 1, 1914, any city or town council, including the councils of cities acting under special charter, levies any special assessment for street improvement as provided by Section 792 of the Code and amendments thereto and supplementary thereof, the same shall be made in accordance with the provisions of Section 792-a of the Supplement to the Code, 1907, and shall be limited to the amount to be assessed against private property, against all lots and parcels of land according to area so as to include one half of the privately owned property between the street improved and the next street whether such privately owned property abut upon said street or not but in no case shall privately owned property situated more than 300 feet from the street so improved be so assessed. In case of improvement upon an alley, such assessment shall be confined according to area to privately owned property within the block or blocks improved and if not platted into blocks for not more than 150 feet from such improved alley. All property except streets, alleys, public highways, public driveways and property owned by the United States government shall be deemed privately owned property within the meaning of this section."

The statute, as amended, does not, however, touch the question before us. Chapter 48, Acts of the Thirty-sixth General Assembly, is entitled as follows:

"An act authorizing cities (other than special charter cities) having a population of two thousand or more to construct, repair, improve and reconstruct paved roadways along streets, avenues and highways constituting main traveled ways into and out of such cities, to establish paving districts, the lots and tracts of land within which may be assessed to pay all or a portion of the cost of such improvement and providing for the levying of a general municipal tax to defray any balance thereof."

The sections of the statute necessary to a proper understanding of the purpose and scope of Chapter 48, Acts of the Thirty-sixth General Assembly, are Sections 840-i, 840-j,

and 840-o, Supplemental Supplement to the Code, 1915, and are as follows:

"Sec. 840-i. Such cities shall have power to establish paving districts to embrace such portions of said cities as, in the judgment of the city councils thereof, will receive special benefits from the construction, repair, improvement, or reconstruction of such paved roadways, to change the boundaries of same from time to time as may become in the judgment of such councils, just and equitable and to assess so much of the cost of such paved roadways against all lots or tracts of land contained in the paving district within which such improvements are made, as shall equal and be in proportion to the special benefits conferred by said improvements and not in excess thereof. In no case shall such assessments exceed 25 per centum of the actual value of said lots or tracts at the time of levy thereof.

"Sec. 840-j. Whenever the council of any such city shall deem it advisable or necessary for the benefit of the city as a whole, to construct, repair, improve or reconstruct any paved roadway as authorized by this act, it shall, in a proposed resolution, declare such advisability or necessity, stating the streets, avenues or highways along which such improvement is to be made, the terminal points thereof, one or more kinds of material proposed to be used and the width of such paved roadway; establishing a paving district the lots or tracts of land embraced in which shall be assessed to pay the cost of said improvement as in Chapter 7, Title V, of the Code, and acts amendatory thereto provided; estimating the total cost of such improvement; and stating the proportion of such estimated total cost which will be assessed against each lot or tract of land in said district, which proportion shall be determined and fixed in accordance with the terms of this act, and with the benefits, value, area, distance from said roadway and accessibility thereto."

"Sec. 840-o. Such city shall have power after the completion of any improvement contemplated in this act, to levy upon all taxable property excepting moneys and credits

in said city contained, an annual tax for the purpose of · paying that portion of the cost of such improvement not borne by the special assessments levied against the lots and tracts of land embraced in the paving district established therefor, but the aggregate of all such levies shall not exceed 10 mills, nor shall such levies in the aggregate, exceed 1 mill for any one year."

The purpose of the enactment of Chapter 48 is apparent. The provisions thereof are additional to all other provisions for paving streets and alleys, and Section 792-g has no application to improvements thereunder. The council· must, in its resolution of necessity, estimate the total cost of the improvement, and state "the proportion of such estimated total cost which will be assessed against each lot or tract of land in said district, which proportion shall be determined and fixed in accordance with the terms of this act, and with the benefits, value, area, distance from said roadway and accessibility thereto."

If the total cost of the improvement exceeds the amount which may lawfully be levied against the property benefited, then the council shall proceed under the provisions of Section 840-o, and levy an annual tax upon all of the property within such municipality, except moneys and credits, not exceeding 10 mills for any one year. The provisions of the foregoing enactments were manifestly designed by the legislature to confer other and further authority on the city council to pave certain portions of its streets. As it is conceded by appellant that the proceedings involved upon this appeal were under the above provisions of the statute, further discussion is unnecessary. The court below properly denied the prayers of plaintiff's petition for an injunction, and its judgment and decree are—*Affirmed.*