## IN RE APPEAL OF J. K. & W. H. GILCREST COMPANY.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—
Present Use and Future Benefits. The fact that real estate, because
of the present use thereof, receives no *immediate* benefit from the
construction of a sewer, is no reason why it should not be assessed
for benefits reasonably certain to materialize in the future.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

### APRIL 1, 1924.

### REHEARING DENIED JUNE 28, 1924.

APPEAL from an assessment levied by the city of Des Moines
upon the property of the Gilcrest Company, appellee herein,
in the construction of the Shriver Avenue sewer system. The
trial court canceled the assessment entirely as to cost of con-
struction of the trunk-line sewer, and reduced the assessment
on the lateral to $850. The city of Des Moines appeals.—
*Reversed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,*
and *Paul Hewitt,* for appellant.

*Nourse & Nourse,* for appellee.

DE GRAFF, J.—The Shriver Avenue sewer system in the
city of Des Moines was completed July 27, 1920. The benefited
district included an area of 132.47 acres. It involved what is
called the trunk line, with a septic tank and laterals aggregat-
ing a total cost of $27,190.88.

Prior to the construction of this improvement, the west
section of the city of Des Moines lying north of Grand Avenue,
west of Polk Boulevard, and south of the Golf and Country
Club grounds, had been improved by the construction of many
fine and substantial residences. It comprised additions known

as "Oak Lawn Place" and "Grand Avenue Heights." The property in this district slopes in the main to the west, and the residences, when constructed, could not readily be connected with the then existing sewer systems. In order to provide sewage facilities, the proprietor of the tract, Mr. F. C. Waterbury, constructed a septic tank near the west end of Waterbury Road, immediately east of Fifty-sixth Street, and constructed a main-line sewer in Waterbury Road, which connected with several laterals running through both of the additions. This work was a private enterprise, in which the city had no pecuniary interest. With the growth of the addition and the construction of additional residences, the initial sewage system was found inadequate, and it was necessary to construct a main-line sewer to the west, and also a larger and more modern septic tank, as a part of the system. The city undertook this work, and for the purpose secured a right of way from the intersection of Fifty-sixth Street and Waterbury Road to a point several hundred feet west, at which place a large septic tank was constructed. The cost incidental thereto, as shown by the assessment schedule, is $10,161.36. To carry out the plan, a sewer district was created by the city, and against the area so created, this cost was assessed.

The Gilcrest Company is the owner of about 70 acres within the district, of which 33.56 acres were included within the benefited district, and the proportionate cost of the construction of the trunk line and septic tank was assessed against it in the sum of $2,574.30. The balance' of the cost was assessed against the other property within the sewer district. At the time of the construction of the trunk line, a lateral was laid in Fifty-sixth Street, extending north from Shriver Avenue to near the north line of appellee's property. Other laterals were constructed, to serve property situated in the Grand Avenue Heights addition. The cost of these laterals was assessed against the several parcels of land abutting upon the streets in which the laterals were laid, and the lateral in Fifty-sixth Street extending along the west side, of the Gilcrest property was about 800 feet, for which an assessment was made in the sum of $1,200.

The only issue in this case upon the trial, and also upon

this appeal, involves the quantum of benefit accruing to appellee's property by reason of the improvements in question. Did the district court err in holding that the construction of the trunk-line sewer and the septic tank conferred no benefit upon appellee's property? Did the district court err in reducing the assessment for the cost of the lateral to $850?

The Gilcrest tract is immediately adjacent to one of the finest resident sections in the city of Des Moines, and has been occupied for several years under lease by the Des Moines Golf and Country Club, which lease will soon expire, and the ground placed on the market for residence purposes. As the property stood, it was entirely without a sewer outlet, and the main sewer and septic tank as constructed will eventually be used by the owner or owners of the property in question. The engineer, who was thoroughly qualified to speak on these matters, testified:

"All of the Gilcrest tract will eventually drain into this trunk-line sewer. I mean that all the sewers of the houses which are built on this tract can be sewered into this system: that is, within the boundary of the assessment district. When we established the boundary line of a district, we took in only such land as would drain into the trunk line."

It is further shown that the trunk line and tank were constructed with reference to the natural flow of the sewage. Nor does the record show that the trunk-line sewer is inadequate for the instant sewer district, as contended by appellee; but on the contrary, Engineer Tippee, who was experienced in sewer construction, testified that the trunk line is sufficiently large to carry central sewage from this district. No question is raised that the cost was excessive or that the property of the appellee was assessed for more than its proportionate share of the cost of the improvement.

Briefly stated, the claim is that the land was not benefited in the amount as shown on the assessment schedule. Clearly, some legal reason must be given, in order to have this property escape its proportionate share of the assessment. It is not the function of a court to create exceptions or exemptions in matters of taxation. *Des Moines City R. Co. v. City of Des Moines,* 183 Iowa 1272. Benefits do inure to this property, and it is not a

sufficient basis to claim exemption that special benefits by reason of the present use of the land are not immediately available. Future benefits are properly recognized in determining the amount of an assessment. The improvements were not made with respect to present conditions only. Benefits in the future include accessibility, convenience, and sanitary conditions upon the opening of this tract for residential purposes. *Minneapolis & St. L. R. Co. v. Lindquist*, 119 Iowa 144. The same rule applies to assessments in proportion to benefits in paving improvements. It is said in *Chicago, R. I. & P. R. Co. v. City of Centerville*, 172 Iowa 444:

"It certainly does not mean that, before such an assessment can be levied and enforced, the city must be able to show that, by reason of the paving, the abutting property has been advanced in market value to the extent of the assessment, or point out in detail the specific way and manner in which the requisite benefits are to be realized in the future. Were such to be the rule, few, if any, schemes of local improvement at the expense of the property immediately affected could ever be accomplished."

In the instant case, the benefits to be derived are not instant upon the completion of the improvement, but will materialize with the development of the tract. They are none the less benefits because the present use of the property is not of a character to be materially affected by the improvement.

"The benefit may not be realized until some time in the future. A sewer of this character is necessarily permanent, and built for the future, as well as for the present." *In re Jefferson Street Sewer*, 179 Iowa 975.

We are satisfied that the trial court was in error in canceling the assessment for the main-line sewer, and also in the reduction of the assessment as to the lateral abutting on appellee's property. Wherefore, the decree entered is—*Reversed*.

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.