### IN RE APPEAL OF JAMES C. HUME.

**MUNICIPAL CORPORATIONS:** Improvement District—Justifiable Inclusion of "Adjacent" Property. In designating an improvement district for the purpose of defraying the cost of establishing and opening a municipal street, the council may legally include as "adjacent" land property which will receive special benefits by reason of the improvement, e. g., greater convenience of access to the property and a centralization and stabilization of business in the immediate locality where the property is situated; and it is immaterial in such case that the property is situated a substantial distance from the street in question, to wit, some 2,000 feet.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—
2 **Presumption.** Presumptively a special assessment for a municipal improvement is equitable. The burden of proof is on him who disputes the presumption. (See Book of Anno., Vol. 1, Sec. 6021, Anno. 38 *et seq.*)

Headnote 1:  28 Cyc. pp. 1124, 1129.  Headnote 2:  28 Cyc. pp. 1167, 1189.

Headnote 1:  25 R. C. L. 113.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

APRIL 9, 1926.

REHEARING DENIED DECEMBER 16, 1926.

This is an appeal by the city of Des Moines from a decree canceling a special assessment levied on the property of James C. Hume for a portion of the cost of the establishment and opening of Keosauqua Way in such city. The facts appear in the opinion. —*Reversed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*James C. Hume,* for appellee.

VERMILION, J.—The assessment involved in this appeal was levied on property of the appellee's used for business purposes, and located on Mulberry Street, between Fifth Street on the
east and Sixth Street on the west. The improve-

1. MUNICIPAL COR-
PORATIONS: im-
provement dis-
trict: justifiable
inclusion of
"adjacent"
property.

ment on account of which the assessment was levied begins on Fifth Street, north of Mulberry, at what was formerly the junction of Fifth and Chestnut Streets, and extends for some three blocks westerly, and then northwesterly to the city limits, and is known as Keosauqua Way. On Fifth Street there are, parallel with Mulberry and between that and Keosauqua Way, three intervening streets, Walnut and Locust Streets and Grand Avenue; and on Sixth Street, there are four such streets, including High Street, which does not extend east of Sixth Street. The distance from the property in question to the

nearest point on the improvement is about 2,000 feet. The principal retail business district of the city is on that portion of Walnut and Locust Streets and Grand Avenue lying between Second and Ninth Streets. Keosauqua Way is a wide thoroughfare, and was designed to give greater convenience of access to the business section of the city from the northwest.

The proceedings for the improvement were instituted and carried forward under Section 751, Supplemental Supplement, 1915. The contention of appellee that the assessment is invalid is based upon two propositions: First, that the property is not, within the meaning of the statute, adjacent to the improvement; and second, that no special benefit was conferred on the property by the improvement. The lower court canceled the assessment on both the grounds urged.

The improvement was made and the assessments levied under the district plan; and the district established by the city council as benefited covers a large area, including the business section of the city and the property in question.

The liability of property to assessment was not limited, under the plan adopted, to property within 300 feet of the improvement, or half way to the next parallel street. Section 792-g, Supplemental Supplement, 1915; *Brown v. City of Creston,* 189 Iowa 1111; *Royal v. City of Des Moines,* 195 Iowa 23.

I. We had occasion in *Hauge v. City of Des Moines,* 197 Iowa 907, to construe Section 751, Supplemental Supplement, 1915, in reference to what was adjacent property, within the meaning of the statute. In that case we said that the undisputed evidence was that the improvement had no influence whatever upon the value of the land or upon the convenience of access thereto. A comparison of the facts in that case with those presented here reveals no similarity whatever, save, perhaps, in the mere matter of distance. In that case we said:

"The land being, in fact, very remote from the improvement, if it is, nevertheless, to be regarded as adjacent, within the meaning of the statute, it must be because of some special reason whereby special benefits attach to it, notwithstanding its remoteness."

We find in the record before us ample evidence that the property received such special benefits from the improvement as that it was properly included in the assessment district as

adjacent property. A broad and spacious avenue was opened, leading over a practically straight course from the city limits to the edge of the important business section of the city. That greater convenience of access to the property in question from a large and populous section of the city was afforded by the improvement is, we think, obvious. That the more important retail section of the city lies between the property and the improvement, affected only the extent, not the existence, of the benefit conferred. The evidence shows quite satisfactorily that a further effect of the improvement was to centralize and stabilize business in the section referred to, and to counteract a tendency for it to extend to the west, and away from appellee's property. The block in which the property lies abuts on Walnut and Sixth Streets, a corner that, the testimony shows, many regard as the most valuable in the city. That an improvement that would secure permanence to such a situation and counteract a tendency to shift the business center farther away was of substantial benefit to the property, cannot be doubted.

We said in the *Hauge* case:

"It is to be conceded that the statute must be construed to give fair, and perhaps broad, latitude to the judgment of the city council as to what is adjacent property. To some degree at least, the term 'adjacent' is relative. We should not, therefore, feel justified in holding counter to the findings of the city council on that question unless it clearly appears from the evidence that the land was not adjacent, within any proper construction of the statute."

Here, the evidence not only fails to show that the city council improperly included the property in the district, but affirmatively establishes that, notwithstanding its distance from the improvement, it received such benefits as to fully warrant its inclusion therein. *City of Chicago v. Farwell*, 284 Ill. 491 (120 N. E. 520) ; *In re Robert St.* (Minn.), 204 N. W. 588.

II. The property was valued by the appellee at from $40,000 to $60,000. The assessment complained of is $342.56. Since we have said that we find ample evidence of special bene-

2. MUNICIPAL COR-
PORATIONS: pub-
lic improve-
ments: assess-
ments: pre-
sumption:

fits, it is scarcely necessary to consider whether an assessment of less than one per cent of the value of the property is in excess of such benefits. It is not necessary that the special bene-

fits conferred be reflected in an immediate enhancement of market value. *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *In re Special Assessment Jefferson Street Sewer,* 179 Iowa 975; *In re Appeal of Gilcrest Co.,* 198 Iowa 162; *Louisville & N. R. Co. v. Barber Asphalt Pav. Co.,* 197 U. S. 430 (49 L. Ed. 819). The burden was on the appellee to establish that the assessment is in excess of the benefits conferred. *Dickinson v. Incorporated Town of Guthrie Center,* 185 Iowa 541. This was not done.

We are of the opinion that the court erred in canceling the assessment, and the judgment is—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.

STEVENS, FAVILLE, and ALBERT, JJ., dissent.