W. H. BRENTON et al., Appellants, v. CITY OF DES MOINES, Appellee.

Nos. 42078—42088.

DECEMBER 11, 1934.

C. E. Hunn and H. S. Hunn, for appellants.

Fred T. Van Liew, for appellee.

KINTZINGER, J.—Pursuant to a resolution of necessity adopted by the city of Des Moines, a contract was let and a sewer line, known as the Southwest sewer system, was constructed thereunder. The regularity of the proceedings for the construction of the sewer is not questioned. In April, 1925, a schedule of assessments with plats was duly filed as required by law. In May, 1925, these appellants filed objections to the schedule of assessments. In June, 1925, the objections were overruled, and the appellants appealed to the district court. The district court confirmed the assessments made by the city council, and appellants appeal from such ruling.

The area in question includes a large number of city lots in a tract known as "Lincoln Place Replat" lying south of West Grand avenue and west of Thirty-first street. The sewer is a trunk line, known as the Southwest sewer system, and was constructed to furnish permanent sewerage for the territory in question. The property already had street improvements with lateral sewers therein, connected with septic tanks. After the construction of the new sewer system, the laterals were connected therewith, and the septic tanks were demolished.

It is contended that the assessments levied are invalid for two reasons: (1) that the property was already adequately sewered by septic tanks, and that no benefits were conferred upon appellants' property by the new sewer, and (2) that the assessments levied were in excess of one-fourth of the actual value of the property.

I. It is contended that the court erred in confirming the assessments because the property had already been adequately sewered by the installation of septic tanks to which lateral sewers from said property were connected. If the new sewer system conferred no benefits upon the property in question, it would not be liable for an assessment. If, however, it did confer benefits upon the property, an assessment commensurate with the benefits conferred would be authorized. Evidence was offered to support both contentions. The evidence on behalf of the city shows that the area and lots in question *were* benefited by the improvement. The evidence in support of appellants is in the nature of opinion evidence to the effect that the lots would not be benefited by the new sewer. An improvement of this nature may afford some benefit to the property served thereby, although private septic tanks may have already been installed. The evidence shows that the affluent from the septic tanks, formerly serving the area, was at times offensive. The evidence tends to show that septic tanks are, in their nature, more or less temporary, while the new trunk line system, to which the laterals were connected, is of a permanent nature. This being so, it necessarily follows that the new sewer system is of some benefit to the area in question. The evidence, however, fails to show the extent of the benefits conferred. The record shows that the proper resolution of necessity was adopted, and no question of its invalidity is raised. In such event, it must be presumed that the construction of the new sewer was a necessity. In such event, it is also presumed that the property served will be benefited thereby, unless such presumption is overcome by

evidence. The adoption of a resolution of necessity is a legislative function, and, when duly and legally adopted, such action of the council is final. Elliott's Roads and Streets, section 560; McQuillin on Municipal Corp. (2d Ed.) vol. 6, section 2864, page 915; Chicago, R. I. & P. Ry. Co. v. City of Centerville, 172 Iowa 444, 153 N. W. 106, 154 N. W. 596; Dickinson v. City of Waterloo, 179 Iowa 946, 162 N. W. 242; In re Jefferson Street Sewer, 179 Iowa 975, 162 N. W. 239; In re Appeal of Hume, 202 Iowa 969, 208 N. W. 285.

In order to determine how much the assessments exceed the benefits, it is necessary for, and the burden is on, appellants to show the extent of the benefits conferred. If there is no evidence showing the extent of such benefits, it will be impossible to determine whether or not the assessment does exceed the benefits. There is evidence to support the city's contention that the property served was benefited by the construction of the sewer. This was admitted by witnesses for appellants. City Engineer Tippe, one of the witnesses, testified "that the small tanks * * * constructed for Lincoln Place * * * were only a partial treatment of sewage, that they were not properly taken care of, and frequently emitted a very marked affluent that ran down the ravine south of it." The same witness said: "As a permanent proposition, a small septic tank of this nature, in my opinion, is not a good installation; * * * they have been adulterated and the City has even built two or three * * * to take care of temporarily, a sewer treatment problem, but we have always intended finally to eliminate them whenever a main line sewer was built near them. The main object was to prevent or provide a means to carry away the sanitary sewage from the residences in that district, and carry it to a point of safe disposal."

The evidence fails to show to what extent the property was benefited by the new sewer. There being a conflict in the evidence as to whether the property was benefited or not, the burden rested upon appellants to show the extent of such benefits. It is the settled rule of law in this state that, in the absence of any evidence showing the extent of the benefits conferred, the action of the city council, in determining that the assessments were commensurate with the benefits conferred, must be sustained. In such event the action of the council is presumed to be correct and must be allowed to stand. Camp v. City of Davenport, 151 Iowa 33, 130 N. W. 137; Chicago, R. I. & P. Ry. Co. v. City of Centerville, 172 Iowa 444, loc. cit. 452, 153 N. W. 106, 154 N. W. 596; In re Jefferson Street Sewer, 179

Iowa 975, 162 N. W. 239; Vail v. Chariton, 181 Iowa 296, loc. cit. 302, 164 N. W. 597; Dickinson v. Guthrie Center, 185 Iowa 541, 170 N. W. 759; Illinois Central Ry. Co. v. Pomeroy, 196 Iowa 504, 194 N. W. 913; Tjaden v. Town of Wellsburg, 197 Iowa 1292, 198 N. W. 772; Chicago, R. I. & P. Ry. Co. v. Dysart, 208 Iowa 422, 223 N. W. 371.

In Tjaden v. Town of Wellsburg, 197 Iowa 1292, loc. cit. 1295, 198 N. W. 772, we said:

"This statute expressly provides that the assessment for benefits cannot be in excess of such benefits. The rule has been frequently recognized. The burden rested upon appellant to overcome the presumption of the correctness of the assessment as made."

In determining the benefits conferred upon property by the construction of a permanent sewer system, the amount of the benefits is not of necessity limited by the present use of the property in question, but the future prospects and reasonable expectations of the future use of a permanent sewer system may be taken into consideration in determining the benefits conferred. Tjaden v. Town of Wellsburg, 197 Iowa 1292, 198 N. W. 772; Chicago, R. I. & P. Ry. Co. v. City of Centerville, 172 Iowa 444, 153 N. W. 106, 154 N. W. 596; Chicago & N. W. Ry. Co. v. Supervisors, 182 Iowa 60, 162 N. W. 868, 165 N. W. 390; Des Moines City R. Co. v. City of Des Moines, 183 Iowa 1261, 159 N. W. 450, 165 N. W. 398, L. R. A. 1918D, 839.

While there is some opinion evidence in this case that the improvement conferred no benefit upon the property in question, the record does not contain any evidence bearing upon the extent of any actual benefits conferred. This court is therefore unable to determine the amount of the benefits conferred. Under this situation, the presumption as to the correctness of the council's determination, that the assessments levied did not exceed the benefits, as determined by the city council and upheld by the lower court, must be allowed to stand.

II. Appellants also contend that the assessments levied exceeded 25 per cent of the actual value of the property assessed. Section 6021 of the Code, authorizing an assessment against property for the benefits conferred thereon, also provides as follows:

"Such assessment shall not exceed twenty-five per cent of the actual value of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima facie evidence of such value."

The area in question includes about 87 lots against which assessments were levied. Evidence was introduced by both parties on the value of the property assessed. We have carefully examined the evidence in reference to the assessments levied, and the actual values of the property, and find that there was ample evidence to sustain all the assessments levied, except three. It is our finding that the assessments levied against three lots should be reduced as follows: The assessment against lot 4, block A, Lincoln place, should be reduced from $118.34 to $62.50; the assessment against lot 3, block K, should be reduced from $92.27 to $75; the assessment against lot 10, block K, should be reduced from $16.05 to $12.50.

It is our conclusion that all other assessments levied did not exceed 25 per cent of the actual value of the property, and are correct.

For the reasons hereinabove expressed, the judgment of the lower court is affirmed as above modified. The cases are therefore hereby remanded to the lower court for decrees in harmony herewith.—Affirmed as modified, and remanded.

MITCHELL, C. J., and STEVENS, ANDERSON, DONEGAN, and POWERS, JJ., concur.