Walter WHARTON and Wilda Wharton et al., Herman E. Wyngarden and Blanche Wyngarden et al., Raymond DeGeest and Jane DeGeest et al., Irene Adams, Administrator of the Estate of John Henry Adams, and Irene Adams, Individually, Appellees,

v.

CITY OF OSKALOOSA, Appellant.

No. 52926.

Supreme Court of Iowa.

May 7, 1968.

H. B. McCoy, Oskaloosa, for appellant.

Heslinga & Heslinga, Oskaloosa, for appellees.

BECKER, Justice.

Plaintiffs appealed from special sewer assessments levied by City of Oskaloosa. Four appeals involving five parcels of land were consolidated for trial. The trial court reduced all assessments. As to four parcels the reduction was on the basis of actual benefit to the land and as to one parcel the reduction was on the basis of 25 percent of value. We affirm.

The city council determined a sewer was necessary in the south part of Oskaloosa. All property assessments in controversy are against relatively large parcels. All are residentially zoned but most are contiguous

or very close to commercial or industrial zones.

These parcels vary from three-fourths of an acre to five acres but the portion of the properties subject to assessment is considerably less than the whole of each property. This is due to the manner of assessment and statutory limitations as to the amount of property to be assessed, Iowa Code, 1966, sections 391.13 and 391.14.

Section 391.48, Iowa Code, 1966 provides: "Assessment rate. When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five percent of the actual value of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

The section requires determination of the actual value of each parcel at the time of the levy. The city now concedes the actual values as determined by the council were too high. In each case the court reduced the valuations used by the city, which would decrease the assessments as to three parcels and leave the assessments undisturbed as to the remaining two. The city concedes such reductions on the basis of new findings as to actual value would be correct. One new assessment by the court was based on 25 percent of actual valuation and as to that parcel there is no longer a dispute.

But by statute the value of the special benefits conferred by the improvement is also a limiting factor. As to the remaining four parcels the court determined the actual benefits conferred to be less than the challenged assessment and also less than 25 percent of its new valuation. It therefore properly changed the assessments in accordance with such findings. The reductions are challenged by the city's sole assignment of error which asserts such findings are not supported by the evidence.

■ I. Assessments made by the city are presumed to be correct and the burden is on the property owner to prove otherwise. This rule includes the presumption that the assessment levied did not exceed the benefits conferred, Gingles v. City of Onawa, 241 Iowa 492, 41 N.W.2d 717; Brenton v. City of Des Moines, 219 Iowa 267, 257 N.W. 794.

■ Benefits are not necessarily limited by the present use of the property. Future uses, reasonably to be anticipated, may be considered. Beh v. City of Des Moines, 257 Iowa 211, 221, 131 N.W.2d 488.

In Rood v. City of Ames, 244 Iowa 1138, 60 N.W.2d 227 we said: "While future prospects may be considered, the purpose of their consideration is to determine the ultimate question of present actual value. * *

"The statute involved here does not specify any particular method or measure to be used in determining the assessments. The council may use its own judgment to a reasonable extent. It is not improper to use an area or a front rule method. But any method must be so used as to effect the ascertainment of assessments that are just and equitable and properly apportioned over the district. Madison County v. City of Winterset, 164 Iowa 223, 145 N.W. 492; Hansen v. City of Missouri Valley, 178 Iowa 859, 160 N.W. 340. The area or frontage methods cannot be made the sole or conclusive basis of determining the assessments without regard to all other factors, as was done by the city council in the case before us."

■ The city correctly asserts that where there is no evidence to support a finding contrary to the legislative determination by the council as to the assessments (and thus as to the value of benefits conferred) the determination must stand. Persinger v. City of Sioux City, 257 Iowa 727, 133 N.W.2d 110; Beh v. City of West Des Moines, 257 Iowa 211, 131 N.W.2d 488; Brenton v. City of Des Moines, 219 Iowa

267, 257 N.W. 794; Chicago R. I. & P. Co. v. City of Centerville, 172 Iowa 444, 153 N.W. 106; Gingles v. City of Onawa, 241 Iowa 492, 41 N.W.2d 717.

However, defendant incorrectly concludes that because neither plaintiffs nor their realtors expressed an opinion as to the value of the benefit to each parcel, there was no evidence upon which the court could make such a finding. As will be seen, this is not true.

In each of the cases cited above this court noted there was no evidence to show to what extent the property was benefited. A quote from Brenton v. City of Des Moines, 219 Iowa 267, 257 N.W. 794, is fairly typical. "The evidence fails to show to what extent the property was benefited by the new sewer. There being a conflict in the evidence as to whether the property was benefited or not, the burden rested upon appellants to show the extent of such benefits. It is the settled rule of law in this state that, in the absence of any evidence showing the extent of the benefits conferred, the action of the city council, in determining that the assessments were commensurate with the benefits conferred, must be sustained. In such event the action of the council is presumed to be correct and must be allowed to stand. (Cases cited)"

The record reveals the following stipulated evidence upon which the trial court could rely; the last preceding assessment roll as to each property,[1] the professional appraisals by the Cleminshaw Company to aid the assessors, the plats and schedules showing the entire property and the portion agreed to be subject to assessment and pertinent zoning ordinances of defendant city.

The stipulation further provided: "It is further stipulated and agreed that in the final assessment of the south side sewer project, the assessments made before the calculation of any deficiencies was on the basis of $4,3005 per benefited front foot. * * *

"It is further stipulated and agreed that prior to the taking of any further evidence in this cause, that the Court can and will with the attendance of counsel for each side visit the premises for the purpose of having the location and boundaries and outlines and improvements and terrain thereof pointed out and for the purpose of making observations that can be used by him in the determination of this cause and in the interpretation of evidence and documents and exhibits."

In addition to the stipulation, plaintiffs' evidence included testimony concerning present values of their property, efforts to sell some of the parcels, actual arm's length sale of one parcel, topography and drainage problems as to some areas. None of the plaintiffs tried to put a figure on the actual benefits conferred by the improvements.

Both plaintiffs and defendant used realtors as expert witnesses to produce evidence of the value of the property at time of levy, the rate and direction of growth of the city, and other evidence pertinent to determination of the ultimate question—the value of the benefits conferred.

■ The trial court used all this evidence and in large measure indicated the portion of the record upon which it relied. By stipulation the court could, and did, consider its own physical inspection of the properties as evidence. This action goes beyond that authorized by our rule in Hampton v. Burrell, 236 Iowa 79, 91, 17 N.W.2d 110 where we hold the court has an inherent right to view the premises for the purpose of better understanding the evidence but must not consider his observations as evidence. Here the court was authorized by the parties' agreement to do so. See also Melson v. Ormsby, 1915, 169 Iowa 522, 151 N.W. 817. We find no error.

■ We have indicated the quantity and quality of evidence considered by the court. The city considered only a straight $4.3005

---

1. Presumptively correct as to actual value by virtue of section 391.48.

charge per front foot as a basis for determining value of special benefits. At least there is no evidence that it considered anything else. This is contra to Rood v. City of Ames, supra. The presumption of validity was overcome.

It would add nothing to this case to examine the court's order as to each individual parcel of property. Our de novo examination of the record satisfies us each provides a rational basis for the court's conclusion, is based on substantial evidence and is correct. The trial court's task was difficult, complicated and technical. We agree with the result in each case.

Affirmed.

All Justices concur.