Donald C. FREEMAN and Shirley A. Freeman, Plaintiffs–Appellees,

v.

CITY OF WAVERLY, Iowa, Defendant–Appellant.

No. 96–1921.

Court of Appeals of Iowa.

April 24, 1998.

Gerald B. Carney, Waverly, for appellant.

Dale Goeke and Don L. Hagemann of Hagemann, Goeke, Egli & Thalacker, Waverly, for appellees.

Heard by SACKETT, P.J., and STREIT and MAHAN, JJ.

SACKETT, Presiding Judge.

Defendant-appellant City of Waverly, Iowa, appeals from a trial court ruling modifying its assessment for sewer and water to property owned by plaintiffs-appellees Donald C. Freeman and Shirley A. Freeman. The City contends the trial court (1) should not have rejected a frontage method of assessment; (2) should not have ordered an alternative assessment; and (3) failed to give proper weight to evidence supporting the City's assessment. We affirm.

Prior to 1996, plaintiffs' property was not served by city sewer or water. Plaintiffs have their own well and septic tank. On January 15, 1996, the City voted to proceed with a preliminary resolution of necessity to extend city sewer and water to plaintiffs' property as well as property to plaintiffs' south where AmeriHost Motel was constructing a 60–unit motel. The resolution followed AmeriHost's request for city services.

On February 5, 1996, plaintiffs received a variance from the Bremer County Health Department providing they were not required to connect to any extensions of city sewer and water.

The resolution went forward, as did the project. It was determined by the City the property owners should pay fifty percent of the cost. The City went on to allocate the fifty percent between plaintiffs and AmeriHost based on the highway frontage of each property. The resulting assessment was sixty-two percent of the cost to plaintiffs and thirty-eight percent to AmeriHost.

Plaintiffs sued in equity contending the proposed assessment is illegal, unfair, and inequitable. The trial court agreed. The trial court found plaintiffs' current well and septic tank take care of their needs and will take care of their needs into the future. The court considered that plaintiffs will receive no benefit to their present use from the improvement and there is no reasonably anticipated benefit expected in the future. The court further found AmeriHost will receive immeasurable benefit to its present and future use because it must have the service for its 60–unit motel with swimming pool and restaurant. The trial court found both properties would increase in value because of the extension. The court further considered plaintiffs' property is sixty percent of the

whole and AmeriHost's is forty percent. The court then reduced plaintiffs' assessment to twenty percent and this appeal followed.

■ Assessments made by a city are presumed to be correct and the burden is on the objector to prove otherwise. *Spencer Shopping Ctr., Inc. v. City of Spencer,* 200 N.W.2d 513, 515 (Iowa 1972); *Goodell v. City of Clinton,* 193 N.W.2d 91, 93 (Iowa 1971). The ultimate question is whether the amount levied on a tract constitutes its fair proportion of the total cost. *Rood v. City of Ames,* 244 Iowa 1138, 1158, 60 N.W.2d 227, 238 (1953). The law permits a municipality to assess the costs of most public improvements against property within the assessment district in an amount not in excess of the special benefits conferred upon the property. Iowa Code § 384.61 (1995); *see Thorson Revocable Estate Trust v. City of West Des Moines,* 531 N.W.2d 647, 649 (Iowa App.1995). Once a municipality has ordered a special assessment, it is presumed some benefit results to the assessed property owners. *Goodell,* 193 N.W.2d at 93. It is also presumed the assessment amount is correct and not in excess of the special benefit derived from the improvement. *Id.* The burden rests with the property owner to show the assessment is excessive by evidence, including proof of the actual benefit to the property. *Id.* Without such evidence, the assessment stands. *Id.*

■ Our review is de novo. *Knudsen v. City of Des Moines,* 254 N.W.2d 1, 4 (Iowa 1977). We must decide if the property owners sustained the burden of proof. We give weight to the findings of the trial court, but are not bound by them. *Goodell,* 193 N.W.2d at 95.

■ The City first contends the trial court should not have rejected their use of a front-foot assessment method. A front-foot factor may be employed in ascertaining benefits from storm sewers, but it must not be applied arbitrarily. *Spencer Shopping Ctr.,* 200 N.W.2d at 515. Fairness may require the size and shape of parcels and actual proximity to the sewer be considered within the frontage factor itself. *Id.* at 515–16. Moreover, if factors other than frontage affect benefits, they must be given weight. *Id.* at

516; *Rood,* 244 Iowa at 1161, 60 N.W.2d at 240; *Benshoof v. City of Iowa Falls,* 175 Iowa 30, 43, 156 N.W. 898, 903 (1916).

■ In considering the benefits flowing from a special improvement, it is proper to consider future uses and expectations, as well as present use to which the property is put. *See Wharton v. City of Oskaloosa,* 158 N.W.2d 834, 835 (Iowa 1968); *Persinger v. City of Sioux City,* 257 Iowa 727, 733, 133 N.W.2d 110, 113–14 (1965); *Beh v. City of West Des Moines,* 257 Iowa 211, 221–22, 131 N.W.2d 488, 495 (1964). Area served is a proper consideration in assessments. *Spencer Shopping Ctr.,* 200 N.W.2d at 516; *Diesing v. City of Marshalltown,* 199 Iowa 1270, 1273–75, 203 N.W. 693, 694 (1925).

We do not interpret the trial court's ruling as rejecting the use of a front-foot method, but rather the trial court considered it with other factors in its decision. Consequently, we reject the City's argument on this issue.

■ The City next contends the trial court should not have made its own assessment. Assessment cases cannot be determined with mathematical certainty. *Goodell,* 193 N.W.2d at 95. The evidence is necessarily based on opinion, some of it made more conjectural because it attempts to project present conditions into the future. *Id.* The supreme court has commented, "It is exceedingly difficult to arrive at an assessment in such a case that shall be accurate and just. Approximation is all that can reasonably be expected." *Id.; Tjaden v. Town of Wellsburg,* 197 Iowa 1292, 1296, 198 N.W. 772, 774 (1924). The problems the City has in apportioning assessments are the same as the court's. *See Goodell,* 193 N.W.2d at 96. The question is whether there is ample evidence to justify the result reached by the trial court. The trial court's task in determining proper assessments is "difficult, complicated, and technical." *Id.* at 96; *Wharton,* 158 N.W.2d at 837. The City has advanced no valid reason to reverse the trial court's alternative assessment on appeal, and we reject their request that we do so.

■ The City also complains the trial court failed to give sufficient weight to its evidence. On our de novo review, we have

reached the same conclusion as did the trial court. We affirm.

**AFFIRMED.**