EVERTT BLACK, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF THAYER, Appellee.

DECEMBER 14, 1928.

*C. T. Gibson,* for appellant.

*George A. Johnston,* for appellee.

DE GRAFF, J.—The plaintiff (appellant) pleads a violation of a driver's contract with the defendant, Consolidated Independent School District, and alleges in his petition that the defendant "refused to abide by or carry out the terms of said contract." The stipulated facts disclose that a contract was entered into between plaintiff and defendant whereby the plaintiff was employed by the board of directors of the Consolidated Independent School District of Thayer, Union County, Iowa, to transport the pupils of Route No. 7 to the consolidated school in Thayer each day of school during the school year beginning August 30, 1926. Said contract also contained certain agreements and covenants on the part of the plaintiff relative to the means of conveyance, the hours of arrival and departure to and from said school; the conduct of plaintiff, and other matters not material to recite herein. Said contract also provided that, in consideration of said services, the school district agreed to pay the plaintiff the sum of $55 per month, but with the express reservation, to wit: "The board of directors reserves the right to terminate this contract at any time." It appears that the board did exercise its right to terminate the contract, and did, after the plaintiff performed services as driver for a period of three months and three weeks, discharge the plaintiff, but did at said time, however, pay the plaintiff full compensation for all of the services rendered by him to the defendant under said contract to the date of discharge. This action was commenced to recover from the defendant the stipulated monthly salary for a period of five months and one week, which represented the balance of the school year immediately subsequent to the plaintiff's discharge.

The pertinent question involves the interpretation of the sentence which reads: "The board of directors reserves the right to terminate this contract at any time." The defendant in its answer relies solely upon this provision of the contract. Generally speaking, a contract is valid unless its terms are in contravention of law, or contrary to public policy. The statute provides that the school board of any school corporation maintaining a consolidated school shall contract with as many suitable persons as it deems necessary for the transportation of children of school age to and from school. Section 4182, Code of 1924. The contract in suit, therefore, is by virtue of the statute, supra,

which provides that the contract shall be in writing, shall state the route, the length of time contracted for, the compensation to be allowed, and shall always provide that any party to the contract shall be at all times subject to any rules the board shall adopt for the protection of the children, or to govern the conduct of the person in charge of the conveyance. The contract in question respected the provisions contemplated by the statute. Had it stopped at this point, the contention of appellant would merit consideration. That is to say, he might predicate his proposition on the fact that the defendant would be compelled to show cause for the discharge of plaintiff. This matter was voluntarily waived by the plaintiff when he signed the contract in question. We may well assume that the plaintiff said to the defendant district, at the time of the negotiations for contract:

"I am willing to take a chance. I know I can satisfy you, but in the event my services are not satisfactory, you have the privilege at any time during the tenure of the contract to dismiss me from your service."

It may be conceded that the statute that authorized the creation of the contract in suit may be construed as a part of the contract, but it is also a well recognized rule that a statutory provision made for the benefit of a party to a contract may be waived. It is clear that the instant plaintiff could and did waive any right to be confronted with a formal charge as ground for a dismissal, and his right to have a hearing on said charge or accusation. The board of directors exercised its right to terminate the contract, and, so far as the record discloses, *sine causa.* This right was embodied in the contract itself. We view the stipulated reserved right as a valid and effective part of the contract, and in the exercise of the reserved right by the board no liability was incurred on its part.

The ruling of the trial court was correct, and the judgment entered is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.