SMITH, LICHTY & HILLMAN COMPANY, Appellee, v. CITY OF MASON CITY, Appellant.

No. 40165.

JUNE 23, 1930.

*Garfield E. Breese,* for appellant.

*Harvey J. Bryant,* for appellee.

DE GRAFF, J.—The appellee, Smith, Lichty & Hillman Company, a corporation, at all times material to this appeal was the owner of a corner lot described as Lot 4, Block 4, Wildwood Addition to Mason City, Iowa. Said lot faces Crescent Drive, and abuts on Polk Avenue in said city, the frontage on Crescent Drive being 50 feet, and on Polk Avenue 118 feet. The city council of Mason City on May 2, 1928, adopted a resolution of necessity wherein it was declared advisable and necessary to improve, by paving and curbing, certain described streets and parts of streets within said city, including the streets on which the lot in question is situated. There was due and legal proof of publication of said resolution. The resolution of necessity contained the usual averments, to wit:

"Any property owner who has not on file with the city council at the time of the final consideration of this resolution, objections to the amount of the proposed assessment against such property shall be deemed to have waived all objections thereto; * * * The assessment against any lot shall be in proportion to the special benefits conferred upon the property thereby, and not in excess of such benefits, and in any case shall be limited to

twenty-five per cent (25%) of the actual value of the lot at the time of the levy. And, in all cases, assessments shall be made in accordance with the provisions of Chapter 308 of the Code of Iowa, 1927.''

No question is raised as to the regularity of the preliminary proceeding in the instant matter. A plat and schedule of the entire paving project were prepared and filed, which disclose that the lot in question on the Polk Avenue side had an estimated paving assessment of $270, and on the Crescent Drive side $245, or a total assessment of $515; and it also showed the value of the lot, $1,200. The complete final plat and schedule of assessment for the paving project disclose an assessment against Lot 4 for the Polk Avenue pavement, $200.38, and for the Crescent Drive pavement, $184.51, or a total assessment against said lot in the sum of $384.89. The lot value on the final plat and schedule was $1,200. No objections were filed by the lot owner to the resolution of necessity. Objections were filed after the improvement was completed, but before the final assessment proposed to be levied was acted upon by the city council.

The primary ground of the objections as filed is ''that said proposed assessment in the sum of $384.89 is in excess of 25 per cent of the actual value of said lot.'' Under the record, therefore, the only point in issue on this appeal is whether the statutory limit of 25 per cent of the value of the lot, stipulated by the parties hereto to be $1,000 (at the time of the levy), is controlling; or, putting the question in another form, whether the plaintiff-appellee has waived the statutory limitation of 25 per cent by failing to file objections prior to the adoption of the resolution of necessity. The objections, upon hearing, were overruled by the council.

There can be no quarrel with appellant's contention that there may be a waiver of the 25 per cent limitation, and the decision cited by appellant, to wit, *In re Paving Floyd Park Addition,* 197 Iowa 922, is not applicable here, since in that case there was an express written waiver by the property owner at the time the petition was filed with the city council praying for the paving in question. In the instant case, there was no waiver, express or implied. Appellant further relies upon *Black v. Consolidated Ind. Sch. Dist.,* 206 Iowa 1386; but it is sufficient to state that

the applicable law under the facts in that case is not pertinent to the case at bar.

It is further shown in the instant case that the objections were filed by the lot owner under the second notice to plaintiff, dated September 19, 1928; that, under said notice, October 9, 1928, was the time set to file objections or to correct any irregularities in said assessment; and that said objections were filed by the plaintiff October 4, 1928.

At this point it may be stated that, at the time the $1,000 valuation was stipulated, said recited and agreed value was subject to defendant's reserved objection as "irrelevant, etc., by reason of the failure of the plaintiff to file objections to the resolution of necessity before the hearing of May 1, 1928." We see no merit in the reserved objection, and will, therefore, consider the value of this lot at the time of the levy to be $1,000.

A brief reference to the statutory provisions embodied in Chapter 308, relative to street improvements, may at this time be made. The power of a city to improve any street by curbing and paving is clearly defined. Section 5975, Code, 1927. A resolution of necessity, shall be adopted when a city council deems it necessary to pave any street, and such resolution shall designate the location and terminal points of the street or streets to be paved, and shall recite that the plat and schedule of the proposed improvement are on file in the office of the clerk. Section 5991. The council may, in addition to the recitals contained in the resolution of necessity, incorporate in said resolution the statement that, unless the property owners at the time of the *final* consideration of said resolution have on file with the clerk objections to the amount of the proposed assessment, "they shall be deemed to have waived all objections thereto." Section 5992. The statute also provides that, before the resolution of necessity is introduced, the council shall prepare and file with the clerk a plat and schedule, which, *inter alia*, shall show "each lot proposed to be assessed together with a valuation fixed by the council," and "*an estimate* of the cost of the proposed improvement," and "the amount thereof which is *estimated* to be assessed against each lot." Section 5993.

"The council shall fix the time for the consideration of the proposed resolution of necessity, at which time the owners of

property subject to assessment for the proposed improvement * * * *may* appear and make objection to the boundaries of the proposed district, to the cost of improvement, to the amount *proposed* to be assessed against any lot, and to the passage of the proposed resolution.'' Section 5995.

The statute further provides for notice of the time when said resolution will be considered, and the manner of giving said notice. Section 5997. After the passage of the resolution of necessity, the council by another resolution may order the construction of the improvement. Section 5998.

''When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby, and not in excess of such benefits. Such assessment shall not exceed 25 per cent of the actual value of the lot at the time of levy * * *.'' Section 6021.

After filing the plat and schedule for street improvements, the council *must* give notice by two publications in each of two newspapers published in the city, and said notice shall state that said plat and schedule are on file in the office of the clerk, and that, within 20 days after the first publication, all objections thereto, or to the prior proceedings on account of errors, irregularities, or inequalities, must be made in writing and filed with the clerk. Section 6026.

The foregoing constitute the essential statutory provisions applicable to the case at bar. It is true that, although plaintiff was notified in the first instance, he did not file objections to the resolution of necessity. This, however, was not fatal to his right to object at a later time. Plaintiff had the right to assume that, if a mistake was made by the city council in the first instance as to any estimate,—for example, the value of the lot,—the council would later correct same. Plaintiff had the right to assume that the council would respect the 25 per cent rule, which involved a mere matter of computation in percentage. Even if it be conceded that the lot was worth $1,200, as stated in the schedule, the 25 per cent limitation would not permit the city to impose an assessment in the sum of $387.89. Upon the final consideration of the schedule, the council should have reduced the assessment

to at least $300. The trial court recognized the stipulated valuation as $1,000, and made this the base on which to compute the 25 per cent assessment, or $250, and viewed the first notice, and the plat and schedule as originally filed with the clerk, as the preliminary steps in this particular project. We accept this viewpoint. The city council was bound to recognize the 25 per cent limitation, and it was so recognized by a recital in the resolution of necessity in this case. In brief, there was no final fixing of valuation of the lot in question until the completion of the improvement and the final levy. The plaintiff did have his objections on file before the final levy was made. The city council could only make a valid assessment, and a failure to appear and object in the first instance, and not until prior to the final action of the city council in the matter, did not constitute a waiver on the part of plaintiff, nor did such failure, under the circumstances, validate the action of the city council in making an excessive assessment. As bearing in a general way on this case, see *Shaver v. Turner Impr. Co.*, 155 Iowa 492; *Belknap v. City of Onawa*, 192 Iowa 1383.

We conclude, therefore, that the trial court correctly ruled the proposition involved in this case, and the decree entered is, therefore,—*Affirmed.*

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.

ALBERT, J. (dissenting).—Plaintiff is the owner of Lot 4 in Block 4 in Wildwood Addition to Mason City, Iowa. The public improvement, consisting of curbing, guttering, and paving, was done on the street in front of this lot, and also on one side thereof.

In the early part of 1928, a resolution was introduced before the city council of Mason City, proposing this improvement, a part of which affected the lot owned by the plaintiff. This resolution of necessity proposed the construction of this public improvement on a number of streets in said city. It also provided that any property owner who had not on file with the city clerk at the time of the final consideration of this resolution objections to the amount of the proposed assessment against said owner's property, "shall be deemed to have waived all objections thereto;" also, that the assessment against any lot should be in proportion to the benefits conferred, not in excess thereof, and in

any case, limited to 25 per cent of the actual value of the lot at the time of the levy. Notice of this resolution was given, in which the time for hearing thereon was fixed at 1 o'clock on the afternoon of the 1st day of May, 1928. Before the resolution of necessity was introduced, the plat and schedule provided for in Section 5993, Code, 1927, was on file. The plaintiff made no appearance or objection thereto.

On May 2, 1926, this resolution was finally and duly adopted, contracts were let for the improvement, and the improvement constructed. Thereafter, the plat and schedule provided in Section 6023, Code, 1927, were duly prepared, and filed in the office of the city clerk, and the notice provided by Section 6026 of the Code was duly given. In pursuance of this notice, the plaintiffs appeared and filed objections to the amount of the assessment then proposed to be levied against this lot, the material parts entitled to consideration being: (1) That said proposed assessment is in excess of 25 per cent of the actual value of the lot; and (2) that said assessment is excessive, and if made as proposed, will be confiscatory.

These objections were overruled by the city council, and the proposed assessment confirmed. In due time, appeal was taken to the district court, with the result noted above.

To a fair understanding of the questions involved herein, a slight review of this character of legislation will be helpful.

In the early history of this legislation, the resolution of necessity was passed after due notice, contracts were let, the schedule of proposed assessments was filed with the clerk, and notice given to all owners of property upon which it was proposed to levy assessments. This method proved quite unsatisfactory, because of the fact that the court held some assessments invalid, others were reduced, and in addition, there were expenses incident to the improvements that were not contemplated in the first instance, which resulted, in some cases, in large shortages, and the total receipts from the assessments were insufficient to pay the cost of the improvements. Through a series of amendments and a rewriting of these sections of the Code, these difficulties were sought to be overcome. Prior to the adoption of the Code of 1924, it was required to have, before the resolution of necessity was introduced, a plat and schedule of the district, setting out the proposed district to be established

and each tract of land therein contained, together with the proportion of the total cost which would be assessed against each of said lots or tracts and an estimate of the total cost of the improvement. In the Code of 1924, these requirements were recodified as Section 5993, which provides that the following matters shall be contained in the plat and schedule:

"1. The boundaries of the district, if any.
"2. The streets to be improved.
"3. The width of such improvement.
"4. Each lot proposed to be assessed.
"5. An estimate of the cost of the proposed improvement, stating the same for each different type of construction and kind of material to be used.
"6. In each case the amount thereof which is estimated to be assessed against each lot."

By Chapter 153, Acts of the Forty-second General Assembly, Subdivision 4, just set out, was, by amendment, made to read:

"Each lot proposed to be assessed, together with a valuation fixed by the council."

In the recodification of the Code of 1924, what is now known as Section 5992 was first enacted, reading as follows:

"The council may, in addition to the requirements of the preceding section, incorporate in the resolution of necessity * * * and may also provide that unless property owners at the time of the final consideration of said resolution have on file with the clerk objections to the amount of the proposed assessment, they shall be deemed to have waived all objections thereto."

Generally speaking, then, the plat and schedule above referred to must be on file before the resolution of necessity. The above-quoted section; 5992, is permissive, and if the city seeks to avail itself of the benefits of this provision (which it did in the instant case), the property owner must file his objections to the valuation of the property as fixed, in the time and in the manner provided by law, and if he fails so to do, he waives all objections thereto.

The purpose of this legislation, as we view it, is to avoid the difficulties suggested under prior legislation, to the end that the

city may know that the assessments, when finally levied, will be sufficient to meet the cost of the improvement which has already been completed. The city is not bound to proceed in this manner, but if it does, it is entitled to the benefits that arise from the provisions to which reference is above made. It is to be ever kept in mind, however, that, after the improvement is completed, provision is further made for another plat and schedule, by Section 6023 of the Code, which finally determines the amount of the special assessment that is to be borne by the property. Notice is provided by Section 6026 of the filing of said final schedule and assessment herein provided, and provision is made by Section 6029 that all objections to errors, irregularities, or inequalities in the making of said special assessment, or in any of the prior proceedings or notices, not made before the council at the time and in the manner provided in Section 6026, shall be waived, except where fraud is shown.

To clearly understand this situation, it is apparent that Section 5992 was written into the statute without much reference to its effect upon this chapter as a whole, and there is an apparent conflict between the two sections. The question is whether they can be harmonized. We are of the opinion that, when Section 5992 is taken advantage of by a city council, any objections that the property owner may have to the valuation of his property fixed by the council must be made and filed before the final action on the resolution of necessity, and if he does not do this, the statute provides that he waives all objections.

When it comes to the final assessment and levy under the proceedings marked out in Sections 6023, 6026, 6028, and 6029, the objections that he may then raise are only such as arise by reason of errors, irregularities, or inequalities that have arisen since the final adoption of the resolution of necessity.

One other section of the statute is to be called to attention at this point, Section 6021, which, among other things, provides: ''Such assessment shall not exceed 25 per cent of the actual value of the lot at the time of levy.'' It is because of this last-quoted section that the appellant lodged its complaint against this proposed assessment.

When we turn to the fact side of the case, it appears that, in the first plat and schedule filed with the resolution of necessity, this lot was valued at $1,200, and the proposed assessment to be

placed against it was $515. The appellee made no appearance and objection to the valuation fixed by the council, and we are of the opinion that, having failed to object thereto, he cannot afterwards raise that question. On the final schedule and assessment, the amount proposed to be placed against the lot was $384.89, and over the objection of the defendant, the city council confirmed this last-named amount as the true amount to be levied against this property.

It is quite evident on the face of the matter that, with a valuation of $1,200 on this property, the highest amount of tax that could be levied against it, under the 25 per cent limitation, would be $300, and therefore there certainly was error in this computation in the final action of the board when they proposed to levy $384.89 against it, and it was excessive in the amount of $84.89. We think this error can be corrected by objection to the final assessment.

One other question is strenuously urged in the case, arising from the following situation: It was stipulated by all parties thereto that the actual value of the lot in question at the time the levy was made was $1,000 (instead of $1,200). The appellee objected to this evidence as incompetent, irrelevant, and immaterial, for the reason that the appellant made no such remonstrance or objection to the resolution of necessity prior to its adoption.

In Section 5993, above set out, one of the things required to be specified in the plat and schedule is the fixing by the council of a valuation on each lot proposed to be assessed. This valuation, of necessity, is the basis upon which the assessment is to be made. In this proceeding it was before the property owner for inspection, if he so desired, and he would discover that the valuation fixed upon the property by the council· was $1,200. He failed to make objections thereto, and by so doing, under Section 5992, waived the objection to such valuation, and cannot subsequently raise that question.

We more readily reach this conclusion in the light of the apparent attempt of the legislature to permit a city to settle definitely the amount that it is able to realize from a proposed assessment prior to the time they initiate one of these public improvements.

It follows, therefore, that the court erred in reducing this assessment to ''$250 only.'' The amount of the assessment to

be borne by the property of the claimant should be fixed at $300, and the decree of the district court should be modified accordingly.

I am directed to say that Judges Morling, Grimm, and Stevens concur with me in this dissent.