INDEPENDENT SCHOOL DISTRICT OF OGDEN, Appellee, v.
AGNES SAMUELSON, Superintendent of Public
Instruction, et al., Appellants.

No. 43598.

DECEMBER 15, 1936.

Doran & Doran, for appellee.

Edward L. O'Connor, Attorney General, and Lehan T. Ryan, Asst. Attorney General, for appellants.

ANDERSON, J.—This is an appeal from an order of the district court sustaining a writ of certiorari. The plaintiff, appellee, is a legally organized independent school district, and the defendants, appellants, are the Superintendent of Public Instruction, the County Superintendent of Schools, and one M. J. Baker, who was employed under a contract by the said school district as superintendent of schools for the school year of 1934 and 1935.

■■■ The facts are not in serious dispute. Baker entered into a contract with the school district in April, 1934, as superintendent for the school district for the ensuing school year. This contract was in the ordinary form of such contracts but contained an insertion or clause providing, "This contract may be terminated at any time, by the said second party, for any reason, by giving thirty days notice, in writing, of such intention to said first party."

One of the principal contentions in this controversy involves the interpretation of the quoted clause. Following the making of the contract some friction arose between the school board and Baker, and about the middle of July, 1934, at a meeting of the board at which Baker was present, he was asked to resign, and upon his refusal so to do, a motion or resolution was passed by the board canceling the contract and discharging Baker as superintendent and directing the attorneys for the board to serve notice upon the said superintendent of such action of the board. Such notice was prepared and served. The notice containing the following: "and you are further notified that said contract has in all respects been canceled by reason of the provision thereof that reads as follows: 'that the contract may be terminated at any time by said second party, for any reason, by giving thirty days notice, in writing, of such intention to said first party'." Following the action of the board and the service of the notice, as here detailed, Baker attempted an appeal to the county superintendent by filing an affidavit with the county superintendent as provided in section 4298 of the Code. In such affidavit Baker recited that the board of directors of the school district had wrongfully attempted to discharge him and cancel his contract, that no charges of incompetency, inattention to duty, partiality, or any other good cause had been made against him by said board; and that no full or fair investigation had been made by the board; and that he was not permitted to make a defense to any charges before the board. Before any action was taken by the county superintendent on the alleged appeal the school district filed formal motion to dismiss in which they contended that the county superintendent had no jurisdiction to entertain or hear the appeal. It was contended by the school district that the discharge of Baker and the cancellation of his contract was not under the provisions of section 4237 of the Code. It should be noted here that section 4237 provides that

the board may by a majority vote discharge any teacher for incompetency, inattention to duty, partiality, or any good cause after a full and fair investigation by the board at a meeting held for that purpose. The motion to dismiss the appeal was repeated several times during the pendency of the appeal before the county superintendent but was overruled by the county superintendent and a hearing proceeded on the appeal, resulting in the finding and ruling by the county superintendent that he had jurisdiction under the provisions of section 4298 of the Code, and a further finding that the board of the school district was without sufficient reason for the discharge of Baker and the cancellation of his contract. The school district then attempted an appeal to the state superintendent and there again insisted that neither the county superintendent nor the state superintendent had any jurisdiction in the premises and that the school district was strictly within its rights in terminating the contract with Baker under its express terms and conditions. This contention upon the part of the school district was not sustained by the state superintendent, and an order was entered affirming the ruling and order of the county superintendent. The school district then brought this action in the district court of Polk county, Iowa, for a writ of certiorari to review the actions, findings and orders of the county and state superintendents. The district court sustained the writ, and held that the county and state superintendents acted without their authority and jurisdiction in setting aside and annulling the action of the school board in discharging Baker and canceling his contract. From such order and judgment the superintendents and Baker have appealed to this court.

It will be apparent at once that the first question to determine is whether the teacher, Baker, was discharged under the provisions of section 4237 of the Code or under the express provisions of his contract. The appellants contend that he was discharged under the provisions of section 4237 and that said section was not followed by the board of directors of the school district in that no formal charge was made against Baker for incompetency or other of the reasons contained in section 4237, and that no proper hearing was had as provided in said section. The school district contending that Baker was discharged under the express conditions of his contract and that thereunder no formal charges and no hearing under the provisions of section

4237 were necessary. It must be held, under the record, that the provisions of section 4237 were not followed; that there were no formal charges made against Baker, and no such hearing thereon as provided by the section. Indeed, it is practically conceded by the school district that it did not proceed under the section referred to but acted wholly upon its rights under the clause in the contract permitting the termination of the contract at any time by giving thirty days notice in writing. This is further evidenced by the contents of the notice served upon Baker, which notice contained the statement that the contract was canceled and the employment terminated by reason of the particular provision referred to.

We have held recently that if a teacher is discharged under the provisions of section 4237 an appeal must be taken to the county superintendent and a failure to so appeal will bar an action at law for the recovery of compensation or damages. Schrader v. School District, 221 Iowa 799, 266 N. W. 473. But we have no situation under this record similar to the facts appearing in the cited case. However, it would follow that unless the teacher was discharged under the provisions of section 4237 an appeal to the county superintendent would not be available.

Section 4298 of the Code provides that any person aggrieved by any decision or order of the board of directors of any school corporation may appeal within thirty days from the rendition of such decision or order, but it must be held that the provisions of this section are not all inclusive and that it is not all actions of the school board which must be appealed to the county superintendent before action in the courts will lie. The last mentioned section provides that such an appeal may be taken on any matter involving questions of law or fact, and section 4302 provides an appeal from the decision or order of the county superintendent to the state superintendent, and the latter section provides that the decision when made by the state superintendent shall be final. These sections are only applicable however in cases or questions in which the county superintendent and the state superintendent have jurisdiction.

■■■ We do not think that either the county superintendent or the state superintendent had jurisdiction to entertain the appeals of the teacher, Baker, in the instant case, and it is our conclusion that the motions interposed by the school district questioning such jurisdiction and asking that the alleged appeal be

dismissed, should have been sustained. If the school board had no jurisdiction under the provisions of the teacher's contract to cancel the same, then the teacher had his action at law for compensation or damages when his contract was illegally terminated by the board, and it was not necessary for him, indeed it was not permissible, to appeal to the county superintendent. But it is contended on the part of the appellant that the school district, by appealing to the state superintendent of public instruction from the order of the county superintendent, invoked the jurisdiction of the state superintendent, and after the adverse ruling of the state superintendent could not then claim in the present action that the state superintendent was without jurisdiction. In other words, the appellant claims that having elected to appeal from the order of the county superintendent the school district thereby consented to the jurisdiction of the state superintendent and by such consent conferred a jurisdiction which had not before existed and are now estopped from claiming that the state superintendent had no jurisdiction. In this connection it must be remembered that motions were filed with the state superintendent for reversal of the action of the county superintendent and a dismissal of the proceedings on the ground of want or failure of jurisdiction. If this was an action between individuals there might possibly be some merit in the contention that jurisdiction was vested in the state superintendent by the action of the school board in appealing from the ruling and order of the county superintendent, although we are not ready to subscribe to that ruling or conclusion. It has been repeatedly held that jurisdiction cannot be conferred by failure to object to such jurisdiction. We are of the opinion that in such a quasi judicial tribunal, as we are dealing with here, jurisdiction must be shown to exist, and that it cannot be implied from conduct or acquiescence, and if jurisdiction does not exist under the law any action of the parties would not make valid and legal that which the state superintendent had no authority to adjudicate or determine. In the instant case we have involved not individuals, but a governmental unit, the independent school district of the town of Ogden, and it seems to be well settled by our decisions that estoppel or waiver will not lie against a governmental unit because of laches or acts of its officers which were without legal authority. County v. Odden, 219 Iowa 793, 259 N. W. 774; County v. Dickey, 86 Minn. 331, 90 N. W. 775;

Water Company v. Cedar Rapids, 117 Iowa 250, 90 N. W. 746; McGillivray v. Barton, 96 Iowa 629, 65 N. W. 974, and many other cases that might be cited.

We come now to the question of the validity of the clause inserted in the contract which is heretofore quoted and under which the board acted in canceling the contract and discharging the teacher. We had a very similar proposition before us in the case of Miner v. School District, 212 Iowa 973, 234 N. W. 817, 818. The contract involved in that case contained a clause as follows: ''That either party to this contract on 20 days' written notice to the other may terminate this contract.'' The clause involved in that case is like the clause involved in the present case with the exception of the words ''for any reason'', which are contained in the clause in the contract under consideration on this appeal. We cannot conclude that the inclusion of the words ''for any reason'' in any way changes or differentiates the clause under consideration with the one involved in the last cited case. The clause in the present contract was inserted for some reason. Were we to conclude and hold that notwithstanding the provision for termination and cancellation of the contract it must be for a ''good cause'' then the inclusion of the provision under consideration would add nothing to either the rights of the teacher or the school district because the provisions of section 4237 provide for cancellation of contract and discharge of teacher, among other things ''for any good cause''. And it seems to us fair to conclude that the purpose of the insertion of the clause for termination and cancellation was to avoid the necessity of technically following the provisions of section 4237 in the event the board determined ''for any reason'' sufficient in its judgment to cancel and terminate the contract. In the cited case we quoted with approval from the case of Black v. School District, 206 Iowa 1386, 222 N. W. 350, as follows:

''The contract in question respected provisions contemplated by the statute. Had it stopped at this point, the contention of appellant would merit consideration. That is to say, he might predicate his proposition on the fact that the defendant would be compelled to show cause for the discharge of plaintiff. This matter was voluntarily waived by the plaintiff when he signed the contract in question. * * * It may be conceded that the statute that authorized the creation of the contract in suit may be

construed as a part of the contract, but it is also a well recognized rule that a statutory provision made for the benefit of a party to a contract may be waived. It is clear that the instant plaintiff could and did waive any right to be confronted with a formal charge as ground for a dismissal, and his right to have a hearing on said charge or accusation. The board of directors exercised its right to terminate the contract, and, so far as the record discloses, *sine causa*. This right was embodied in the contract itself. We view the stipulated reserved right as a valid and effective part of the contract, and in the exercise of the reserved right by the board, no liability was incurred on its part.''

Thus the question involved in this appeal is not one of first impression, having been determined both in the Black case and in the Miner case above referred to. We see no reason for a retreat from the rule announced in those two cases and following such rule we are constrained to hold that an appeal would not lie to the county and state superintendents from the action of the board of the school township in cancelling Baker's contract and discharging him, and that neither of the superintendents had jurisdiction or authority to entertain the appeal and determine the questions involved. It follows that the finding and judgment of the trial court in sustaining the writ of certiorari and annulling the findings and orders of the county superintendent and state superintendent must be sustained.—Affirmed.

PARSONS, C. J., and MITCHELL, STIGER, DONEGAN, ALBERT, and RICHARDS, JJ., concur.