IN RE APPEAL FROM ASSESSMENT FOR RESURFACING FOURTH
STREET.

CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant,
v. CITY OF DAVENPORT, Appellee (two cases).

MUNICIPAL CORPORATIONS: Special Assessments—Method Employed. The manner in which the amount of a special assessment is arrived at is quite immaterial if such amount is just and equitable and is in proportion to and not in excess of the benefits conferred. (See Book of Anno., Vol. I, Sec. 6021, Anno. 17 *et seq.*)

MUNICIPAL CORPORATIONS: Special Assessments—Present Use of Property. The fact that the owner of real estate is, at the time of a public improvement, using it for such a particular purpose that the land derives little or no benefit from the improvement presents no legal obstacle to allowing the public authorities to view the land in its general relations and apart from its particular use and justly and equitably assess it accordingly. (See Book of Anno., Vol I, Sec. 6021, Anno. 26 *et seq.*)

MUNICIPAL CORPORATIONS: Special Assessments—Discrepancies—Effect. Relatively small discrepancies in assessments on different sides of the street improved, and on nonabutting properties having the same relative location, will not invalidate an entire assessment, no relief in such special instances being asked.

Headnote 1: 28 Cyc. p. 1149.  Headnote 2: 28 Cyc. p. 1129.  Headnote 3: 28 Cyc. p. 1161.

Headnote 1: 25 R. C. L. 132.  Headnote 2: 28 L. R. A. (N. S.) 1179; 40 L. R. A. (N. S.) 936; 25 R. C. L. 144.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

DECEMBER 14, 1926.

REHEARING DENIED MARCH 11, 1927.

Certain special assessments for street improvements were made by the city council against various lots and tracts of ground belonging to a railway company and occupied by its tracks. From a decree in the court below confirming the assessments the railway company appeals.—*Affirmed.*

*Cook & Balluff, J. G. Gamble*, and *A. B. Howland*, for appellant.

*Henry Thuenen* and *Sam Erwin*, for appellee.

VERMILION, J.—This appeal involves special assessments levied on real estate of the appellant, the Chicago, Rock Island & Pacific Railway Company, for two separate street improvements in the city of Davenport. One, the paving or repaving of Iowa Street, involves assessments against ten lots or parts of lots, ranging from $63.28 to $1,633.06. The other, the resurfacing of Fourth Street with asphalt, involves assessments against twenty lots or parts of lots and a tract of unplatted ground, ranging from $9.22 to $2,204.67. Some of the lots were subject to assessment for both improvements. On appeal to the district court, the assessments were confirmed, and from such decrees this appeal is taken.

Looking to appellant's assignment of errors, we find the following propositions presented: That the court erred (1) in holding that appellant's property received special benefits from the improvement; (2) in holding that the assessments were in proportion and according to the benefits; (3) in holding that the assessments did not deprive appellant of property without due process of law, and did not constitute the taking of private property for public use without just compensation, in violation of constitutional provisions; (4) in holding that the assessments did not violate constitutional provisions, in that property was assessed to a greater depth on one side of the street than on the other.

Counsel for appellant in argument say they "do not contend that any of the Iowa statutes are unconstitutional in and of themselves," and "do not contend that there should be no assessment against the property of the appellant," nor deny that there is a presumption in favor of an assessment duly levied by a legislative tribunal. They insist that the presumption has been overcome; that the acts of the city council in levying the assessments were contrary to the express provisions of the statute, and were an unauthorized and unconstitutional exercise of the powers delegated to the council; that the assessments are violative of the statutes and Constitution of the state and the Constitution of

the United States. It was conceded on the trial that each of the several tracts involved was worth four times the amount of the assessments levied against it.

Under the concession that the property in question was subject to assessment in some amount, the only questions presented to us are the validity of the assessments, as related to the manner of their making, and whether they are in excess of the benefits conferred.

I. No question is made in this court as to the regularity of the proceedings of the city council, save as to the manner of arriving at the amount of the several assessments and the amount

1. MUNICIPAL COR- of the assessments so fixed. The city engineer,
PORATIONS: spe- in preparing the plat and schedule, used a so-
cial assessments:
method employed. called "curve" which took into consideration only the area of the property and its distance from the improvement. The statute, Section 792-a, Code Supplement, 1913 (Section 6021, Code of 1924), requires the assessment to be in proportion to, and not in excess of, the special benefits conferred, and (Section 792-g, Supplemental Supplement, 1915 [Section 6012, Code of 1924]) to be according to area, and to include certain property not necessarily abutting on the improvement, and within a certain distance from it. Assessment according to area is not invalid. *Mattingly v. District of Columbia*, 97 U. S. 687 (24 L. Ed. 1098); *French v. Barber Asph. Pav. Co.*, 181 U. S. 324 (45 L. Ed. 879); *Louisville & N. R. Co. v. Barber Asphalt Pav. Co.*, 197 U. S. 430 (49 L. Ed. 819); *Kansas City S. R. Co. v. Road Improvement Dist.*, 256 U. S. 658 (65 L. Ed. 1151).

Under the statute, both the area of the property and its distance from the improvement were proper elements. The evidence showed that the curve used by the city engineer was merely a method adopted by him to determine tentatively the benefits, as affected by these two elements, to the property liable to assessment, in preparing the plat and schedule for the action of the city council. It was not used where, in the opinion of the engineer, outstanding features of the property required its abandonment, in order to make an assessment in proportion to benefits. It was not a rule made by the city council at all. The fact that the city council confirmed the assessment so arrived at by the engineer is no ground for setting an assessment aside if it was not shown to be in excess of the benefits conferred, or in-

equitable as compared to the assessments on other property. The mental or mathematical processes of the city engineer in preparing the plat and schedule for the action of the city council in levying the assessments are immaterial. The question at this point is whether there is an equitable distribution of the burden, and whether the several assessments as made by the council are in proportion to, and not in excess of, the special benefits conferred. In *Early v. City of Ft. Dodge*, 136 Iowa 187, we said:

"It makes little difference what fanciful theories or arbitrary rules the city council or the court may employ in discussing the question, the final and decisive inquiry is whether the assessment, when made, is just and equitable, and bears some reasonable proportion to the benefits which the property derives from the improvements for which payment is to be made."

See, also, *Illinois Cent. R. Co. v. Incorporated Town of Pomeroy*, 196 Iowa 504.

"The legislature may create taxing districts to meet the expense of local improvements and may fix the basis of taxation without encountering the Fourteenth Amendment unless its action is palpably arbitrary or a plain abuse. * * * The law does not attempt an imaginary exactness or go beyond the reasonable probabilities. * * * But * * * if the law is of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred, the law cannot stand against the complaint of one so taxed in fact." *Gast Realty & Inv. Co. v. Schneider Granite Co.*, 240 U. S. 55 (60 L. Ed. 523).

We apprehend that no plat and schedule of special assessments could, as a matter of practical exercise of the function, be prepared without the use of some more or less arbitrary rule for this preliminary and tentative distribution of the cost of the improvement upon the property liable to assessment. It is not the mere inadequacy of such method, but the inequity or invalidity, under the statute, of the final result—the assessment as made by the city council—that entitles the property owner to relief.

The method pursued by the city engineer took into account the two elements, area and distance from the improvement, which were of necessity attributes of all property subject to assessment. It did not necessarily or arbitrarily exclude the consideration of

other elements as affecting particular property. Such a method is not so palpably arbitrary or so plain an abuse of power that it must. be said that there could be no reasonable presumption that substantial justice generally would be done. It is not sufficient that there may be individual instances of excessive or disproportionate assessments, to warrant a finding that the method pursued was in contravention of constitutional requirements. As said in *Louisville & N. R. Co. v. Barber Asph. Pav. Co.*, supra:

"If that possibility does not invalidate the act, it would be surprising if the corresponding fact should invalidate the assessment."

The assessment as a whole is not to be rejected as violative of constitutional guaranties because of such instances. For these, the statute affords ample and adequate remedy, and there is no want of due process of law.

II. The contention that the amount of the several assessments is in excess of the benefits conferred is predicated solely on the fact that a portion of the lots and tracts involved is occupied

2. MUNICIPAL COR-
PORATIONS: spe-
cial assessments:
present use of
property.

by appellant's railway tracks, elevated upon permanent earthen fills, and crossing the streets in question on bridges or viaducts above the street level. The railway tracks, generally speaking, run through a portion of the city that is closely built up, and is devoted largely to manufacture and wholesale business. Portions of some of the lots in question, are occupied for commercial purposes. We do not understand it to be contended that, if the property was not occupied as it is by the railway tracks, the assessments would be in excess of the benefits conferred, or, save perhaps in some instances, disproportionate to assessments on other property. The question at this point, broadly stated, is whether property subject to special assessment for a street improvement may escape, in whole or in part, the burden it would otherwise bear, merely by reason of its present use for a purpose where the immediate benefits conferred by the improvement are less than would be the case, were the property used for some other purpose; or, to state it with direct application to the facts here involved, whether the mere fact that such property is occupied by railway tracks will operate to so relieve it. We think the answer is to be found in the statutes of

the state and in our own prior decisions, in harmony with the weight of authority.

Section 6013, Code of 1924, provides as follows:

"The right of way of any railroad company shall be subject to special assessment for sidewalks and street improvements as is other private property, and such assessment shall constitute a debt due personally from the railroad company owning or leasing such right of way."

This statute does not, of course, authorize the assessment of such property in disregard of the special benefits conferred.

A presumption obtains in favor of the assessment as made by the council and confirmed by the court below. *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *Andre v. City of Burlington,* 141 Iowa 65; *Chicago & N. W. R. Co. v. Board of Supervisors,* 182 Iowa 60. The burden is upon the property owner to overcome the presumption that the assessment is in proportion to benefits. *Dickinson v. Incorporated Town of Guthrie Center,* 185 Iowa 541, and cases there cited.

When appellant concedes that its property is subject to assessment in some amount, the only question remaining is the amount of the assessment. Its attack is general, however, and challenges the validity of the whole assessment, as made upon all the different tracts involved. The evidence, relating, as it does, merely to the proposition that, by reason of the present use of portions of the several tracts for railway purposes, little or no benefit is derived from the improvement, does not overcome the presumption pertaining to the assessments as made and confirmed.

In *Chicago, R. I. & P. R. Co. v. City of Centerville,* supra, we said:

"The law which permits such expenses to be laid upon all abutting property in proportion to benefits does not limit its inquiry merely to the land as related to its present use; but, while not disregarding such use, it does not overlook its general relations 'apart from its particular use.' "

The Supreme Court of the United States, in *Louisville & N. R. Co. v. Barber Asph. Pav. Co.,* supra, has said that the legislature is warranted in saying that, on the question of benefit or no benefit, the land shall be considered simply in its general relations, and apart from its particular use, and that:

"On the question of benefits, the present use is simply a prognostic, and the plea a prophecy. If an occupant could not escape by professing his desire for solitude and silence, the legislature may make a similar desire, fortified by structures equally ineffective. It may say that it is enough that the land could be turned to purposes for which the paving would increase its value. Indeed, it is apparent that the prophecy in the answer cannot be regarded as absolute, even while the present use of the land continues; for no one can say that changes might not make a station desirable at this point, in which case the advantages of a paved street could not be denied."

In *Northern Indiana R. Co. v. Connelly*, 10 Ohio St. 159, it is well said:

"A citizen would scarcely claim exemption because he had devoted his lot to uses which the improvement could not in any way advance, and we see no good reason why a railroad company should be permitted to do so."

In *Northern P. R. Co. v. City of Seattle*, 46 Wash. 674 (91 Pac. 244), the Supreme Court of Washington said:

"Except for appellant's occupancy [by railroad tracks], no suggestion would be made that the land was not benefited by the improvement, or that it would not be subject to the assessment. The particular use of the land cannot affect its liability to assessment. Abutting property cannot be relieved from the burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be especially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value."

In that case, the surface of the property was graded to a level of from 36 to 22 feet below the street level, and access to the property from the street was cut off by a retaining wall which the railroad company was required to maintain. See, also, *Chicago, M. & St. P. R. Co. v. City of Milwaukee,* 148 Wis. 39 (133 N. W. 1120) ; *City of Seattle v. Seattle & M. R. Co.,* 50 Wash. 132 (96 Pac. 958) ; *Heman Const. Co. v. Wabash R. Co.,* 206 Mo. 172 (104 S. W. 67, 12 L. R. A. [N. S.] 112; and note) ; *Ludlow v. Trustees of Cincinnati S. R. Co.,* 78 Ky. 357.

Our attention is called to *Chicago, B. & Q. R. Co. v. City of Chariton* (Iowa), 169 N. W. 337 (not officially reported), as being in conflict with the views above expressed. An examination

of the case discloses that it came to this court on the appeal of
the city from an express finding by the court below that the pav-
ing conferred no benefit on the property assessed, and upon a
record so incomplete that application of much of the testimony
could not be intelligently made, and that presented no ground
for reversal. Under such circumstances, the case cannot be re-
garded as overruling the *Centerville* case.

III. Section 792-g, Code Supplement, 1913 (Section 6012,
Code of 1924), provides for assessments for street improvement
to be "according to area so as to include one half of the privately

3. MUNICIPAL COR-
PORATIONS: spe-
cial assessments:
discrepancies:
effect.

owned property between the street improved and
the next street whether such privately owned
property abut upon said street or not but in
no case shall privately owned property situated
more than three hundred feet from the street so improved be so
assessed." Some relatively small discrepancies between the
amounts assessed against individual lots belonging to appellant
and lots on the opposite side of the street improvement, of the
same area and in the same relative position to the improvement,
are pointed out in argument, rather, we take it, to support the
contention that the entire assessments are invalid, than as a de-
mand for relief in specific instances. There is no reference to
particular assessments in the assignment of errors or brief points,
and not all of such instances shown by the plats and schedules
in evidence are referred to in argument.

Whether these differences can properly be accounted for by
the fact that there was a greater area subject to assessment on
one side of the street than on the other at some points, owing to
the varying distance to the next parallel street, or whether ap-
pellant, had it so insisted, might have been entitled to some
measure of relief in respect to particular assessments, we do not
determine. There is, as has been said, no attack upon the con-
stitutionality of the law permitting assessments on property at
varying distances from the improvement. The discrepancies in
the assessments pointed out do not bring the case within the rule
of *Gast Realty & Inv. Co. v. Schneider Granite Co.,* supra, nor
require us to hold the entire assessments void.

The judgments are—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, and MORLING, JJ.,
concur.