JOHANNA MOSS, appellant, v. INCORPORATED TOWN OF HULL, appellee.

No. 49429.

(Reported in 91 N.W.2d 599)

Cornelius Van de Steeg, of Orange City, for appellant.

Van Oosterhout, Te Paske & Rens, of Orange City, for appellee.

HAYS, J.—Appellant owns Lots 1, 2 and 3 of Block 3, Davidson's Addition to the Town of Hull. It comprises the north half of the block and is bounded on the north by First Street and on the east by Edith Street. Sometime prior to the time in question, a sanitary sewer was constructed along Edith Street, and abutting properties, including appellant's, were assessed for the cost thereof.

In 1956 the Town constructed a sanitary sewer along First Street which does not intersect with the Edith Street sewer. Appellant's property is assessed therefor, which is the basis of this appeal. The record shows a preliminary assessment schedule was filed in the office of the Town Clerk on March 16, 1956. The estimated cost of the sewer along appellant's property was $1750, with the preliminary assessment $1650. The property valuation was placed at $7400, as follows: Lot 1, valued at $2000, estimated cost $350, assessment $350; Lot 2, valued at $3000, estimated cost $700, assessment $700; Lot 3, valued at $2400, estimated cost $700, assessment $600. See section 391.20, Code, 1954. On May 1, 1956, a Resolution of Necessity was proposed, with a hearing thereon set for May 25, 1956. Included therein was a provision that unless property owners have on file at said time objections to the amount of the proposed assessment, they shall be deemed to have waived all objections thereto. See sections 391.18 and 391.19, Code, 1954. Notice was duly published and the scheduled hearing had. Appellant did not file objections thereto. The Resolution of Necessity was duly adopted.

Thereafter, a contract was let, the sewer constructed and accepted. On November 5, 1956, the assessment schedule was

filed showing appellant's lots assessed at $1464.80, as follows: Lot 1, $293; Lot 2, $585.90; Lot 3, $585.90. Notice thereof, with the time for a hearing thereon, was given. Within the allotted time appellant filed objections thereto. On December 11, 1956, after a hearing, a final assessment against appellant's property was fixed at $1334.50, as follows: Lot 1, $266.90; Lot 2, $533.80; Lot 3, $533.80; and a levy made. See sections 391.45, 391.50, 391.53, 391.55, 391.56 and 391.57, Code, 1954.

On appeal to the district court the assessment and levy against appellant's property was approved. Hence this appeal.

Appellant's objections filed with the town council contained ten divisions. It was claimed that the assessment was erroneous and unequal; that it constituted a double assessment, since the lots had previously been assessed for the Edith Street sewer; that it was not based upon benefits to the property; that the valuation was not determined according to the statute. It was further alleged in the objections that the assessment exceeds twenty-five per cent of the actual value of the property at the time of the levy, and exceeded by more than ten per cent the estimated cost of the improvement.

The trial court held that by not appearing and objecting to the Resolution of Necessity appellant had waived all objections except as to the levy being excessive in amount. The trial court then considered all objections and held all proceedings to be regular. We think the primary issue here involves the question of waiver, and both parties argue it at length.

I. Section 391.56, Code, 1954, provides that "All objections to * * * irregularities, or inequalities in the making of * * * assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner provided in section 391.53, shall be waived except where fraud is shown." This section originally appeared as section 824, Code, 1897, and was identical with the present statute except that in place of the words "provided in section 391.53" were the words "herein provided for." The change was made by Acts (1923-24) Extra Session of the Fortieth General Assembly, S. F. 169, section 37. At least prior to the change above noted it might well be contended that any objections filed at the time of the final assess-

ment, section 391.53, Code, 1954, applied to all stages of the proceedings including the Resolution of Necessity. Appellant's view appears to be that the change made no difference.

However, section 391.19 was enacted by the same Extra Session, being Acts (1923-24) Extra Session (40th G. A.) S. F. 169, section 13-a1. It provides as follows: "The council may, in addition to the requirements of [section 391.18], incorporate in the resolution of necessity * * * that unless property owners at the time of the final consideration of said resolution have on file with the clerk objections to the amount of the proposed assessment, they shall be deemed to have waived all objections thereto." If appellant's theory is correct, section 391.19 is meaningless and no objections need be filed until after the project is constructed and time for the final assessment is fixed, at which time any and all objections, from the start to the finish, may be urged.

The only decision of this court dealing with this question seems to be that in Smith, Lichty & Hillman Co. v. City of Mason City, 210 Iowa 700, 231 N.W. 370, and is cited by both parties. It was by a divided court of five to four, with an exhaustive dissenting opinion. There, as here, no objections were filed to the Resolution of Necessity although the council had made use of the provision found in what is now section 391.19, Code, 1954. The point there urged was that the final assessment exceeded the twenty-five per cent valuation (section 391.48, Code, 1954). Both the majority and dissenting opinions agreed that it did, the only difference being as to the amount. The majority opinion considered the valuation set at $1200, in the Resolution of Necessity, to be merely an estimate which was later superseded by a stipulation that the value was $1000. The dissent held the original value of $1200 must govern since no objections were made at the time the Resolution of Necessity was adopted.

We think the legal principle announced in the cited case, and which had the approval of all nine Justices, is that all matters pertaining to the boundaries, the streets to be improved, the width thereof, the list of lots to be assessed and the value thereof (being section 391.20, subdivisions 1, 2, 3 and 4) are to be finally determined at the time the Resolution of

Necessity is adopted, and a failure to object at that time constitutes a waiver thereof. As to section 391.20, subdivisions 4 and 5, these call for estimates as to the cost and the amount to be assessed and may be reviewed and corrected if objected to under section 391.53, even though no objection was filed to the Resolution of Necessity.

Under this view, which we deem to be correct, as to the intent and meaning of sections 391.19 and 391.56, the trial court properly held that appellant was limited to the issue of excessive assessment, i.e., not to exceed ten per cent of the estimated cost (section 391.49), and not in excess of benefits or in excess of twenty-five per cent of the actual value (section 391.48).

Appellant contends that since no waiver was pleaded by appellee in its answer, the issue is not in the case. Assuming, but not holding, a plea of waiver is necessary, we think both by the answer and by objections entered during the trial, the matter was properly before the court for determination.

II. An examination of the various plats and schedules, referred to above, shows the estimated cost was placed at $1750 while the final cost was $1334.50, a reduction rather than an increase over the estimate. The record also shows that as to each lot the final assessment is less than the statutory limit of twenty-five per cent of the actual value. It is further asserted that the assessment exceeds the benefits to the lots. In fact it is appellant's claim that no benefits are received. Under the well recognized rule, the adoption of the Resolution of Necessity creates a conclusive presumption that some benefit results from the improvement, and the burden rests upon the appellant to show the benefit is not equal to the finding of the council. Vail v. City of Chariton, 181 Iowa 296, 164 N.W. 597; Tjaden v. Town of Wellsburg, 197 Iowa 1292, 198 N.W. 772; Brenton v. City of Des Moines, 219 Iowa 267, 257 N.W. 794; Gingles v. City of Onawa, 241 Iowa 492, 41 N.W.2d 717; Dickey v. City of Burlington, 247 Iowa 116, 73 N.W.2d 96. Search the record as we have, we are unable to find anything tending to show that the benefits received are not commensurate with the finding of the council and must hold, as did the trial court, that appellant has failed to sustain his burden of proof.

The judgment of the trial court must be, and is, sustained. —Affirmed.

GARFIELD, C. J., and BLISS, OLIVER, WENNERSTRUM, THOMPSON, and PETERSON, JJ., concur.