HUGH O. DUNN et al., appellees, v. CITY OF SIOUX CITY, IOWA, appellant.

No. 50033.

(Reported in 104 N.W.2d 830)

SEPTEMBER 20, 1960.

John T. O'Brien, of Sioux City, for appellant.

McKinley & Jandt, of Sioux City, for appellees.

THORNTON, J.—Plaintiffs are the owners of Lot Four (4) in Block Nine (9), of Coe Second Addition to Sioux City in

Woodbury County, State of Iowa. The lot is 50 feet north and south and 150 feet east and west. The east end of the lot has a house on it and fronts on Helmer Street. The west end of the lot is vacant and abuts on Ruby Street.

The city council, proceeding under chapter 391 of the 1958 Code, proposed to pave Ruby Street past Lot 4. The council, over the objections of plaintiffs, assessed all of Lot 4 in the sum of $413.09. In so doing the council valued all of Lot 4 at $3280. Plaintiffs appealed to the District Court under section 391.88, Code of Iowa, 1958. In the District Court the parties stipulated to the facts above stated, and that the value of the west one half of Lot 4 is $500, and if the assessment is limited to the west one half the assessment would not exceed 25% of $500, or $125.

Plaintiffs urged, and the trial court held, the council proceeding under chapter 391 could assess only the west one half of the lot or the part comprising "one-half of the privately owned property between the street improved and the next street." And the trial court decreed the assessment in the sum of $125 pursuant to the stipulation.

The City appeals and urges for our consideration the hardship the decree, if sustained, will work on future paving assessments, and in valuing portions of homes and buildings by reason of a dividing line imposed by a strict interpretation of the chapter involved. These matters go more to the wisdom of the statutes than to their construction.

Plaintiffs urge statutes relating to special assessment against abutting property shall be strictly construed in favor of the taxpayer. Miller v. City of Sheldon, 198 Iowa 855, 858, 200 N.W. 341, 342.

The decision here is controlled by sections 391.39 and 391.48 of the Code of Iowa, 1958. These sections are, in pertinent part, as follows:

"391.39 Cost of improvements. The cost of construction * * * shall be assessed as a special tax against all lots according to area, so as to include one half of the privately owned property between the street improved and the next street, * * *."

"391.48 Assessment—rate. When any city council levies

any special assessment for any public improvement against any lot, * * * such assessment shall not exceed twenty-five percent of the actual value of the lot at the time of levy, * * *."

██ ██ Construction or interpretation of the statutes here involved is not necessary. The plain grant of power to tax is section 391.39: "The cost * * * shall be assessed as a special tax against all lots according to area, so as to include one half of the privately owned property between the street improved and the next street, * * *." The power is to assess according to area, not value, of one half the privately owned property between the street improved and the next street. In other words, proceeding under chapter 391, the City has the power to assess all the property lying on each side of the proposed paving back as far as one half the distance to the next street, and no more. The City proceeding as it does here has no power to assess or levy a tax on property beyond the one-half limit. In making the assessment the City has the power to value, in reaching the amount of the assessment, only such property as it has the power to assess, i.e., one half of the privately owned property. Clark v. City of Des Moines, 222 Iowa 317, 323, 267 N.W. 97, 100.

"* * * such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. * * *" and in any event limited so it, "* * * shall not exceed twenty-five percent of the actual value of the lot at the time of levy, * * *." Section 391.48.

The limitation is to 25% of the actual value of the lot that it has the power to tax, i.e., one half the privately owned property between the street improved and the next street.

██ Special assessments against portions of lots have been upheld, and the area method is not invalid. In re Resurfacing Fourth Street, 203 Iowa 298, 211 N.W. 375.

The decree of the trial court is right and is affirmed.— Affirmed.

All JUSTICES concur except OLIVER, J., not sitting.