CHICAGO AND NORTHWESTERN RAILWAY COMPANY, appellee, v. CITY OF WEBSTER CITY, appellant.

No. 51187.

(Reported in 127 N.W.2d 115)

Mаrch 10, 1964.

M. Gene Blackburn, of Webster City, for appellant.

R. G. Remley, of Webster City, Ray H. Johnson, Jr., of Davis, Huebner, Johnson, Burt & Fulton and Frank W. Davis, all of Des Moines, for appellee.

Larson, J.—Appellant levied a special assessment of $2725.86 against appellee's right-of-way for a street improvement in Webster City, Iowa. When timely objections to the assessment were overruled by the council, an appeal was taken to the district court. The principal issues there raised were the same as those advanced here, namely: (1) Does the assessment exceed the benefits conferred; and (2) does the assessment exceed 25 percent of the actual value of the property assessed? When the district court found for the railroad property owner and reduced the assessment to $1377.11, the City appealed.

As a basis of its claim for reversal appellant urges (1) that the evidence is insufficient to sustain the trial court's action, and (2) that certain appellee exhibits were inadmissible and could not be considered as furnishing prima facie evidence of

actual value of the property assessed. In view of our conclusion on the first proposition, without giving consideration to the exhibits, the second question need not be answered at this time.

Evidence upon which there was no dispute disclosed that pursuant to a resolution of necessity a section of River Street, which is parallel to the west line of appellee's right-of-way, was improved by placing gravel and oil thereon. The special assessment was made against eight separate tracts, as shown by plaintiff's Exhibit G, all of which are a part of the operating right-of-way abutting River Street. For convenience, we shall consider all eight tracts as one and deal only with the total assessment thereon.

Appellee offered evidence by two of its employees, a Mr. William Krucks, who is in charge of company tax matters, and Mr. William H. Huffman, assistant chief engineer, whose duties are to investigate special assessment matters for the company. Krucks gave his opinion as to the actual value of appellee's operating property involved in this assessment, and Huffman gave his opinion as to the value of the special benefit conferred by the improvement.

I. In connection with Krucks' testimony appellee offered Exhibits B, C, D, E and F. Exhibits B and C were copies of letters the appellee received from the Iowa State Tax Commission advising the total tax assessed it in the state for the years 1961 and 1962 respectively. Exhibits D and E were computations made under Krucks' direction purporting to show the length of right-of-way involved in the eight tracts of land, the assessed values, the actual values, the special assessment, the maximum special assessment at 25 percent of actual value, and the overassessment. Exhibit F was a computation showing the allocation of value to the company property in Iowa and the ratio of tentative assessments to 100 percent value. Evidently this was an effort to establish prima facie value and thereby show the actual value of the operating property at the time of the assessment. The City's objection that this evidence was not the best evidence, was hearsay, and was self-serving, seems to have merit, but, as we do not pass on this issue and do not consider

these exhibits, we merely call attention to the provisions of chapter 434, and particularly sections 434.17 and 434.22, as setting out proper procedure to obtain the assessed value per mile of a railroad right-of-way in a county, city or town. That method was not followed by the company. As bearing on this question, also see Illinois Cent. R. Co. v. Incorporated Town of Pomeroy, 196 Iowa 504, 510, 194 N.W. 913.

■ II. As to the applicable law there seems to be no dispute. The appeal being in equity (section 441.39, Code, 1962), we must decide anew the question of whether the admissible evidence of the property owner was sufficient to sustain its burden of showing the incorrectness of the assessment. Statutory limitations govern the extent of such levies for public improvements. Section 391.48, Code, 1962, provides:

"When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five percent of the *actual value* of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima facie evidence of such value." (Emphasis supplied.)

■ Obviously, then, the actual value of the assessed property at the time of the levy becomes of primary importance. Hansen v. City of Missouri Valley, 178 Iowa 859, 160 N.W. 340. This value can be established by direct testimony such as qualified opinions, similar sales, etc., and also by the production of the last preceding assessment. However, the latter is but prima facie evidence of such value and it may be overcome. It is not controlling on the question of actual value. Belknap v. City of Onawa, 192 Iowa 1383, 1385, 186 N.W. 452.

■ III. Before discussing the testimony of appellee's witness on the question of actual value and value of benefits received by it from the improvements, we should recognize certain well established presumptions in favor of the assessment. When one seeks a reduction of his special assessment, he is first faced with a presumption that the assessment made by the council is

in proportion to the benefits received, and the burden is placed squarely upon the property owner to overcome that presumption. Brenton v. City of Des Moines, 219 Iowa 267, 269, 257 N.W. 794, and citations; Rood v. City of Ames, 244 Iowa 1138, 1158, 60 N.W.2d 227; Gingles v. City of Onawa, 241·Iowa 492, 499, 41 N.W.2d 717, and citations; Dickey v. City of Burlington, 247 Iowa 116, 121, 73 N.W.2d 96.

There is also a conclusive presumption that some benefit accrues to the property assessed for a public improvement made pursuant to a council resolution of necessity and the burden rests upon the property owner to show that the benefit is less than that assessed. Moss v. Incorporated Town of Hull, 249 Iowa 1178, 1182, 91 N.W.2d 599, and citations. Appellant relies almost entirely upon these presumptions to sustain its position.

Recognizing these presumptions and its burden thereunder, appellee contends the testimony of Krucks and Huffman as to value and benefits, uncontradicted, is sufficient to meet and discharge those burdens, and that it proves the assessment exceeded 25 percent of the value of the property assessed and exceeded the benefits conferred by the improvement. We agree.

IV. Mr. Krucks, a graduate of Northwestern University, with more than twenty years of experience in the field of valuation and taxation of railroad property, examined the tracts involved in this assessment and gave his opinion that the property involved did not exceed $4686.69, as set forth in his computation. It was apparent he was thoroughly familiar with the Iowa statutes pertaining to the assessment of railroad properties (section 434.1) and with the presented method of determining both the assessed and the actual value of operating railroad property. Section 434.15, Code, 1962.

Section 434.15 provides in part: "The said property shall be valued at its actual value, and the assessments shall be made upon the taxable value of the entire railway within the state, except as otherwise provided, and the taxable value shall be determined by taking sixty percent of the actual value so ascertained * * *."

Mr. Krucks also said he took into consideration the fact that railroad property was valued in lineal feet or by the mile, that this property was not suitable for use as building lots, that it was being used as operating property and that there was no indication it would be used for any other purpose in the foreseeable future. His experience with railroad valuations over the country and in Iowa qualified him as an expert in this field.

The City offered no direct testimony as to the actual value of these tracts, although in rebuttal it attempted to show appellee had offered to sell a somewhat similar nonoperating lot for $3500 and had negotiated for parking rental on one of its lots for $146.25 per annum. Neither deal was consummated and so has little value on the issue.

While actual value, like an assessment itself, is an approximation, some weight should be given the trial court's finding that the company had shown the assessment exceeded substantially 25 percent of the disclosed actual value of the property. The trial court visited this property and could therefore clearly visualize and interpret the testimony. We have frequently said in such cases we should give its findings careful consideration. Dickey v. City of Burlington, supra. Furthermore, under the testimony before us we are unable to fix an assessment more nearly accurate than the one arrived at by the trial court and are not disposed to disturb that assessment of $1377.11.

V. Mr. Huffman was qualified as an expert in the area of special assessments of railroad property and, after he had examined the property and the improvement made on River Street, testified the value of the benefits to appellee or its property would, in his opinion, be no more than $500. This benefit to the owner, he stated, arose by the elimination of dust at two grade crossings in that area. He said, before the improvement when the wind was right, dust clouds often obscured those crossings and that the improvement reduced those hazards in the use of the company's property. He also stated there was no contemplated change in the use of this property in the foreseeable future so as to confer a possible benefit to owners who might

build on lots now occupied by the railroad right-of-way. While the evidence of actual benefit is not strong, it was not contradicted and must be held sufficient to sustain appellee's burden to prove a benefit of much less value than the assessment.

Of course we are not bound to accept the valuations or estimates of either appellee or appellant, but under this record the assessment must be reduced. By giving due consideration to the presumptions involved and due weight to the testimony produced by the parties, we are satisfied the amount fixed by the trial court is a fair assessment of the railroad property. The decree of the district court is, therefore, affirmed.—Affirmed.

All JUSTICES concur.