Mildred Wilson Persinger, appellee, v. City of Sioux City, a municipal corporation, appellant.

No. 51571.

(Reported in 133 N.W.2d 110)

728

FEBRUARY 9, 1965.

REHEARING DENIED MAY 4, 1965.

Neil R. McCluhan, city attorney, and Ernest Turek, assistant city attorney, for appellant.

Paul W. Deck Law Office, of Sioux City, for appellee.

THORNTON, J.—This is an assessment appeal. Plaintiff, pursuant to sections 391.88 to 391.90, Code of Iowa, 1962, appeals a sidewalk assessment to the district court. The district court held the assessment void because no benefits were conferred on plaintiff's property by the improvement and because the city council valued and assessed the entire tract instead of to a depth of 300 feet only, as provided by section 391.39 (Code of Iowa, 1958, is applicable in this case. The final assessment in the sum of $3156.41 was made June 5, 1961. The pertinent Code sections are the same in the Code of Iowa, 1962). The City appeals to us.

I. The City urges for reversal the plaintiff's evidence does not show the extent of the benefit conferred on plaintiff's property, only that no benefit was conferred, therefore there is nothing upon which to base a finding contrary to the legislative determination by the council which is presumed to be correct. This contention must be upheld.

We are firmly committed to the rule the legislative determination by the city council that the improvement is expedient and proper creates a presumption the property abutting on the improvement will be benefited thereby and such determination cannot be set aside in a judicial proceeding. A taxpayer cannot be heard to say his property is not benefited at all. If the council proceedings are otherwise regular the inquiry by the courts in this type of proceeding is only to the extent of the benefit conferred, not whether any benefit was conferred. Therefore the burden on the appealing taxpayer is to show the extent of the benefit conferred and it is less than the determination of the council. Chicago and Northwestern Railway Co. v. Webster City, 256 Iowa 201, 127 N.W.2d 115; Moss v. Incorporated Town of Hull, 249 Iowa 1178, 1182, 91 N.W.2d 599; Dickey v. City of Burlington, 247 Iowa 116, 73 N.W.2d 96; Gingles v. City of

Onawa, 241 Iowa 492, 41 N.W.2d 717; Brenton v. City of Des Moines, 219 Iowa 267, 257 N.W. 794; Lytle v. City of Sioux City, 198 Iowa 848, 200 N.W. 416; Vail v. City of Chariton, 181 Iowa 296, 164 N.W. 597; Chicago, Rock Island & Pacific Railway Co. v. City of Centerville, 172 Iowa 444, 153 N.W. 106, and authorities cited in each.

■ In this case there was no attempt by plaintiff to show the extent of the benefit. A realtor called by plaintiff did testify there was some benefit to the 150 feet abutting the improvement, but nothing further was shown.

Plaintiff urges it may show there was no benefit. This argument is made on the basis of Chicago, B. & Q. R. Co. v. City of Chariton, 169 N.W. 337 (Iowa, 1918, not officially reported), and statements taken from similar contentions of the parties in Gingles v. City of Onawa, supra, at page 497 of 241 Iowa, page 720 of 41 N.W.2d, and in Brenton v. City of Des Moines, supra, at page 268 of 219 Iowa, page 795 of 257 N.W. Of course the statements of contentions by the parties are not the law of an opinion. Chicago, B. & Q. R. Co. v. City of Chariton, supra, does support plaintiff. However, from the opinion and as explained in Gingles v. City of Onawa, supra, at page 496 of 241 Iowa, page 719 of 41 N.W.2d, and in In re Appeal from Assessment for Resurfacing Fourth Street, 203 Iowa 298, 304, 211 N.W. 375, 378, it appears a portion of the record was lost and the portion remaining was not sufficient upon which to base a reversal. The case of Chicago, B. & Q. R. Co. v. City of Chariton, 169 N.W. 337 (Iowa, 1918), is now specifically overruled.

It follows the trial court was in error in holding no benefit was conferred by the improvement.

II. This brings us to the second phase of this case, whether the assessment exceeds 25 percent of the actual value of the property properly to be assessed.

The trial court found the council gave no consideration to the character of plaintiff's land, its actual value or the preceding assessment roll and valued and assessed the entire tract, and held the assessment based on the entire tract contrary to law and void.

The pertinent statutes are:

Section 391.39. "* * * In no case except where the district method of assessment is used, shall property situated more than three hundred feet from the street so improved be so assessed. * * *."

Section 391.48. "When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five percent of the actual value of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

Section 391.90 in part provides: "* * * The court may make such assessment as should have been made, or may direct the making of such assessment by the council. * * *."

It was stipulated the district method of assessment was not used.

The ruling of the trial court to the effect the assessment was void cannot be upheld. Plaintiff's pleading fairly raised both the issue the assessment was void and the issue the assessment was in excess of 25 percent of the actual value of the property properly to be assessed and her prayer included both. However, the evidence does not entitle plaintiff to the relief granted, she is only entitled to relief for the amount the assessment exceeded that permissible under the statute.

Section 391.90 casts the duty on the trial court in equity to make the assessment that should have been made or direct the council to do so. Our review is de novo. Rule 334, Rules of Civil Procedure.

Where, as here, the council valued and assessed more land than should have been, the action of the council is erroneous and subject to correction. If there is sufficient evidence to determine the value of the land properly to be assessed, that determination should be made to determine whether the assessment does exceed 25 percent of the actual value of the property properly to be assessed. Dunn v. City of Sioux City, 251 Iowa 1279, 104 N.W.2d 830; and Dickey v. City of Burlington, 247 Iowa 116, 73 N.W.2d 96. See also Inter-Ocean Reinsurance Co.

v. City of Sioux City, 219 Iowa 998, 258 N.W. 907; and Lytle v. City of Sioux City, 198 Iowa 848, 200 N.W. 416.

Plaintiff cites Bennett v. City of Emmetsburg, 138 Iowa 67, 115 N.W. 582, for the proposition that where the assessment is grossly in excess of what could be legally assessed it must be held void. The case is inapposite here, see pages 81 and 82 of 138 Iowa. Where the proper assessment can be determined section 391.90 should be followed.

Plaintiff's property is an unplatted 17-acre tract, it abuts the west side of highway No. 7 in the north part of Sioux City for a distance of 1336 feet, it is about 800 feet deep on the south, about 1000 feet on the north, and the west boundary is an irregular meandering stream, Perry Creek. On the south is a school, on the north residential property. Plaintiff's property has been used solely for agriculture. It is zoned residential. The sidewalk improvement along the east side is not on plaintiff's property but situated on the right-of-way five feet from the pavement.

Plaintiff testified her land was worth $3000 or $4000, the east 150 feet abutting highway No. 7 worth $1500. A realtor testifying for her testified the 150 feet abutting the highway was worth $6500. The 150- by 1336-foot tract contains 4.6 acres. This is a valuation of a little over $1400 per acre. The last preceding assessment roll as of January 1961 showed an assessed valuation of $4370. The original valuation in 1961 was $7060 and was reduced by the board of review to $4370. An employee of the city assessor's office testified that $4370 was 60 percent assessed valuation. The council valued the entire tract at $16,000 or at $941 per acre. Two realtors testifying for the city valued the entire tract at $28,000 and the east 300 feet, 9.2 acres, at $21,600, or $2347 per acre. From their testimony it appears they were placing the value as for residential lots, considered by them to be the highest and best use. One of them testified concerning a comparable sale of 25 acres for $15,000, or $600 per acre. The testimony was this was more comparable to the rear portion of plaintiff's land. The other city expert testified he based his valuation on other sales in the locality of $1000 and $1500 per acre. Plaintiff originally owned 25 acres in this tract. She sold

eight acres to the east of the present tract to the school district for $8000. She testified this was the best part of her land. The present tract is to grade along the highway, the rest is below grade. The tract is bisected by a drainage ditch just north of the center.

The land to be valued is the 300 feet abutting the improvement. Section 391.39. Its actual value is to be determined as of the time of the levy, June 5, 1961. Section 391.48.

From the pleadings and stipulation it is clear the council valued and assessed the entire 17-acre tract. This was erroneous. The council should have valued and assessed the front 300 feet. This portion of the tract is 1336 by 300 feet, or 9.2 acres.

After taking into consideration the opinion testimony, the basis for it, the value shown on the last preceding assessment roll of the entire tract, the value placed on the tract by the council, the past and present use for agriculture, and the prospective use as residential property, Chicago and Northwestern Railway Co. v. Webster City, 256 Iowa 201, 127 N.W.2d 115, we find the actual value of the 300 feet abutting the highway does not exceed $900 per acre, or $8280. The special assessment should not exceed 25 percent of $8280, or $2070.

It follows defendant-city is not entitled to a complete reversal of the trial court's decree, but to a modification thereof as herein indicated. The case is reversed in part, modified, and remanded for a decree in conformity herewith. The costs are taxed one third to the appellant and two thirds to appellee.— Reversed in part, modified and remanded.

All JUSTICES concur.