H. C. KUHLMANN, JR., plaintiff-appellee, v. MILDRED WILSON PERSINGER, appellant, and VAN W. HAMMERSTROM, County Treasurer of Woodbury County, defendant-appellee.

No. 52768.

(Reported in 154 N.W.2d 860)

DECEMBER 12, 1967.

Paul W. Deck and Robert J. Larson, both of Sioux City, for appellant, Mildred Wilson Persinger.

Ray N. Berry and Neil R. McCluhan, both of Sioux City, for appellee H. C. Kuhlmann, Jr.

Alvin Hayes, Jr., Assistant County Attorney, of Sioux City, for appellee Van W. Hammerstrom, County Treasurer.

LARSON, J.—Plaintiff is a special assessment (sidewalk) certificate holder and brings this action for declaratory judgment against the defendant property holder for an amount claimed to be owed under the assessment as previously adjudicated by this court in Persinger v. Sioux City, 257 Iowa 727, 133 N. W.2d 110, including interest claimed due and unpaid by the property owner.

Pursuant to the property owner's application for separate adjudication of law points raised in her answer to the petition as provided in rule 105, Rules of Civil Procedure, the matter was submitted to the court on a stipulation of facts. The trial court's judgment ordered the defendant county treasurer to apply the sum of $2070 paid into court by defendant property owner "to the payment of the principle amount of the special assessment against the following described real estate, to-wit: [description] and that said defendant, Van W. Hammerstrom, as County Treasurer, compute the interest from June 5, 1961, on said $2070 in conformity with sections 391.91, 391.58, 391.59 and 391.60 of the Code of Iowa, and that if said interest is not paid prior to the next regular tax sale that the above described property be sold for the sum of interest due and delinquent as by law provided, with the property owner having the right of redemption as provided by law", and taxed costs to defendant property owner. When her motion to reconsider and for a new trial was overruled, she alone appeals. We find no merit in her appeal and must affirm the trial court's judgment.

■ I. This cause was brought and tried in equity, and our review is de novo. Small v. Ogden, 259 Iowa 1126, 147 N. W.2d 18, 20; Ullmann v. Reed, 258 Iowa 100, 137 N. W.2d 690, 691. Since the property owner alone appeals, we shall hereinafter refer to her as the defendant.

II. From the stipulation of facts we learn that on October 24, 1960, the City of Sioux City and the plaintiff, a contractor, entered into a contract for the construction of a sidewalk along the east side of defendant's property in Sioux City, Iowa.

On May 8, 1961, the City accepted the sidewalk, and on June 5, 1961, levied an assessment of $3156.41 against the defendant's property, payable in ten equal installments, with the first installment due in July of 1961 and the other nine installments becoming due in March of the years 1962 through 1970. On or about that date Special Assessment Certificate No. 3864 covering this work was issued to the plaintiff, who is still the owner and holder thereof.

It also appears that on July 26, 1961, defendant Persinger appealed this assessment to the district court, and on February

19, 1964, the district court entered judgment and decree voiding the assessment. The plaintiff herein was not a party to that action, and when the City appealed to the Supreme Court of Iowa, we, in 257 Iowa 727, 133 N. W2d 110, held that the assessment was excessive but not void, that the assessment should not exceed $2070, and remanded the case "for a decree in conformity herewith."

On June 9, 1965, pursuant to our remand order, the district court rendered a "judgment" against Mildred Wilson Persinger in the sum of $2070 and assessed to her a share of the costs of the assessment appeal. On August 10, 1965, defendant Persinger paid $2070, without interest, to the Clerk of the District Court and he in turn gave that sum to the county treasurer. The county treasurer refused to turn this sum over to plaintiff unless he surrendered the special assessment certificate, and plaintiff refused to surrender the certificate unless the accrued interest was included in the payment. Plaintiff Kuhlmann commenced this action to recover these sums on July 21, 1966, against both defendant Persinger and county treasurer.

In his pleading plaintiff asked for a declaratory judgment requiring defendant Persinger to pay interest at 6 percent on each installment under the special assessment and certificate from the date of levy, June 5, 1961, and that the county treasurer be required to sell the Persinger real estate assessed at the next regular scheduled tax sale if the past-due installment of the reduced special assessment, plus interest, is not paid.

Defendant Persinger's answer, filed August 9, 1966, asserted that all matters alleged by plaintiff were fully litigated and settled by the judgment entered by the district court pursuant to the remand order of this court, and the payment to the clerk of the $2070 on August 10, 1965. She further contends plaintiff is in privity of contract with Sioux City and estopped from bringing this action against her. In her separate application for adjudication of law points, she raised the issues of privity, res judicata, bar and estoppel.

As we understand it, the issues presented to us by this appeal are: (1) Did the trial court err in holding that interest at 6 percent should be paid by defendant Persinger from June

5, 1961, rather than at 5 percent from June 9, 1965, the date of the district court judgment entered pursuant to remand, and (2) did the trial court err in holding res judicata was not applicable here and that the doctrine of estoppel would not apply?

III.   The trial court seemed to attach little significance to the form or wording of the order rendered by the district court as a result of our remand in Persinger v. Sioux City decided February 9, 1965.   As urged by plaintiff, it concluded that, since the matter of interest was not an issue in that case, the amount and period covered was by statute provided and, as this was an assessment appeal, the 6 percent interest on the unpaid reduced assessment must be paid in addition to the $2070 recited in the court's order.   On the other hand, the defendant contends it is determinative of the plaintiff's claim for interest due under the special assessment that since the order gave a "judgment" against her personally for $2070, the legal impact of which is well established, it drew interest at 5 percent from date of pronouncement as provided by statute. She further contends that, since this judgment was promptly paid, no interest is due on this obligation either to plaintiff or the city.

IV.   The trial court herein reviewed the previous litigation and the order issued by the district court pursuant to the remand order in that case.   It noted that under the district court's order a judgment for $2070 was entered in favor of the City of Sioux City against the defendant and that no mention was made regarding interest.   Its finding that this judgment did not include interest is not disputed.   That judgment order provided: "Pursuant to the decision of the Iowa Supreme Court in this case, it is ordered that the Judgment heretofore entered herein be and is hereby reversed in part, and modified in that Judgment be and is entered in favor of the City of Sioux City, Iowa, and against Mildred Wilson Persinger in the sum of $2,070.00 and that the costs of this action be and are taxed one third to the City of Sioux City, Iowa, and two thirds to Mildred Wilson Persinger, all as provided by law and the opinion of the Iowa Supreme Court."

Sections 391.59 and 391.91 of the Iowa Code make interest

from the time of the original levy to the present at a rate not exceeding 6 percent per annum mandatory upon special assessment installments. The trial court felt the only complaint that could be made as to the former district court's order was that the judgment did not specify the interest to be paid. To this extent the parties are agreed, but plaintiff contends it is fixed by section 391.59 relating to special assessments, and defendant asserts it is fixed by section 535.3 of the Code relating to ordinary judgments.

The trial court reviewed several special assessment cases, including Lightner v. Greene County, 156 Iowa 398, 136 N. W. 761, Rystad v. Buena Vista County Drainage Dist., 170 Iowa 178, 152 N. W. 364, and Barber Asphalt Pav. Co. v. District Court, 181 Iowa 1265, 163 N. W. 214, which cases at the trial court level did not provide interest in the decrees ordered. The court noted that on appeal we said on those occasions that lower courts must give effect to these interest statutes by either (1) making the decree large enough to include the interest or (2) providing that the sum fixed bear interest from the previous specified date designated in the statute.

The trial court concluded that under our cases it was unnecessary for a lower court to provide for interest in its decree because the same is specified by statute, and that in the absence of specific provisions in a decree the interest would attach by virtue of the statute. It was satisfied such was the intention of the district court in granting this remand judgment, and held that, because of the previous litigation, the judgment granted was not a judgment in the ordinary sense but amounted to the fixing of the assessment reduction only. We must agree.

Obviously, the parties knew the issue resolved by the appeal to us was that of fixing a reduced special assessment. They knew the remand order required the trial court to fix the assessment as designated, and they were well aware that interest had not previously been an issue in that case. Both parties knew, where interest was involved, there were statutory provisions pertaining thereto. Plaintiff contends it is not reasonable to say that, because the trial court used the words

"Judgment * * * in favor of the City of Sioux City, Iowa, and against Mildred Wilson Persinger" instead of "defendant's assessment is reduced", there should be interest assessed from the date of the decree at 5 percent per annum rather than interest at 6 percent per annum, the amount contemplated by the assessment statutes. We agree with that construction of the order and do not feel the decree was so defective as to require another appeal to obtain the just and intended result of our remand. Defendant was not misled or deceived to her detriment by this wording of the court's order.

In Rystad v. Buena Vista County Drainage Dist., supra, we considered a similar matter and, in holding the ascertained assessment should "bear interest from the original date precisely as it would have done if it had been made by the board in the first instance", we said (page 182 of 170 Iowa), "In construing the order of the court * * * on such appeal, we think it ought to be construed prima facie as a declaration of the amount which ought to have been assessed originally."

We are satisfied the "judgment" here only fixed the amount of the assessment on this property, that the interest accrued as provided by section 391.59, and that the method of collection in the statute was available to the plaintiff as the holder of a valid certificate covering that improvement.

V. If appellant's contention as to the legal effect of the use of the term "judgment" instead of "assessment reduction" is taken as correct, and it is agreed that it did not include accrued interest, we are faced with the vital question of whether the district court exceeded its authority and jurisdiction in issuing such an order pursuant to our remand.

After a careful review of the city's assessment against defendant's property in Persinger v. Sioux City, supra, we said, "the actual value of the 300 feet abutting the highway does not exceed $900 per acre, or $8280. The special assessment should not exceed 25 percent of $8280, or $2070." In our remand order we stated: "The case is reversed in part, modified, and remanded for a decree in conformity herewith. The costs are taxed one third to the appellant and two thirds to appellee." By this order we directed that the special assessment involved herein

be reduced to $2070 and we remanded the case for that purpose and for no other. If the district court's order did not reduce the special assessment to $2070 as of June 5, 1961, but rendered a personal judgment against defendant for that sum, and that judgment, even though erroneous, is to be considered final because there was no timely appeal, it would appear this order or decree was not in conformity with our mandate and must be considered void and of no legal effect.

■ VI. It is well settled in Iowa that when the Supreme Court remands for a special purpose, the district court, upon the remand, is limited to do the special thing authorized by this court in its opinion, and nothing else. It has no power or jurisdiction to do anything except to proceed in accordance with the mandate. Glenn v. Chambers, 244 Iowa 750, 754, 56 N. W.2d 892, and citations; Ronna v. American State Bank, 215 Iowa 806, 810, 813, 816, 246 N. W. 798, 800; Arnold v. Arnold, 258 Iowa 850, 140 N. W.2d 874, 876 (1966); Iowa-Illinois Gas and Electric Co. v. Gaffney, 256 Iowa 1029, 1040, 129 N. W.2d 832, 838; 3 Am. Jur., Appeal and Error, section 1234, page 731, and section 1240, page 737; 5B C. J. S., Appeal and Error, sections 1965 and 1967, pages 575, 576, 581, 582; 5 Am. Jur.2d, sections 991 and 992.

In Glenn v. Chambers, supra, we quoted with approval from 3 Am. Jur., Appeal and Error, section 1234, page 731, as follows: "* * * the trial court, upon remittitur, has no power but to obey the judgment of the appellate court * * *. Proceedings contrary to the mandate must be treated as null and void." Also in section 1240, page 737, it is stated: "If, however, in reversing a judgment, the trial court is directed to hear a new trial upon one issue only, or upon particular issues, it possesses no jurisdiction to grant a new trial generally, or to permit evidence upon other issues to go to the jury; it must obey the mandate of the reviewing court."

In Ronna v. American State Bank, supra, the procedendo upon a previous appeal remanded the cause with directions to take "further proceedings * * * not inconsistent with the opinion of the Supreme Court." Thereafter, the trial court entered judgment inconsistent with that opinion. Defendant took no

appeal from the judgment but applied for an order directing the district court to obey the procedendo. This court granted the relief, holding defendants could have appealed but were not required to do so, and concluded (page 816 of 215 Iowa): "Not having the power and jurisdiction to enter the judgment, the court is hereby ordered and directed to set the same aside, in harmony with the foregoing opinion."

In Glenn v. Chambers, supra, we held that the vital question involved in the first appeal was settled, that it became the law of the case, and that the remand allowed the commission no authority to make a contrary order.

In the case at bar we hold that the district court did not comply with our directive to reduce the assessment from $3156.41 to $2070, but attempted to create a new obligation by rendering a personal judgment for $2070 against defendant. This judgment and order was, therefore, a nullity and, although we could order it stricken and a proper order entered, we prefer to act under the provisions of section 391.90 of the Code which provides: "The court may make such assessment as should have been made, or may direct the making of such assessment by the council." The reduced assessment is fixed at $2070 with interest at 6 percent from June 5, 1961, as by statute provided, and the costs in Persinger v. Sioux City, supra, are taxed one third to the City of Sioux City, Iowa, and two thirds to Mildred Wilson Persinger, as per our previous order.

The provisions of section 391.86 of the Code shall apply in the fixing of the property owner's obligation in this matter. This section provides: "Such corrected assessments shall be a lien on the lots the same as the original, and shall be certified by the clerk to the county auditor in the same manner, and shall, so far as practicable, be collected in the same installments, draw interest at the same rate, and be enforced in the same manner as the original assessment."

We are told the city has paid the balance of the original assessment plus accrued interest thereon, and that the real contention here is only the interest upon the reduced assessment to date amounting to less than $500. Since by either approach to this problem we arrive at the same conclusion as the

trial court, we need not consider the appellant's second assignment, and we affirm the judgment rendered herein.— Affirmed.

All JUSTICES concur except RAWLINGS, J., who takes no part.